In re the **MARRIAGE OF George A. KERN and Bette A. Kern,**

Upon the Petition of George A. Kern, **Petitioner-Appellant,**

**And Concerning**

**Bette A. Kern, Respondent-Appellee.**

No. 86–1043.

Court of Appeals of Iowa.

April 22, 1987.

Mark S. Pennington of Kutmus & Pennington, Des Moines, for petitioner-appellant.

Patricia J. Martin of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for respondent-appellee.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

The marriage of petitioner, George A. Kern, and respondent, Bette A. Kern, was dissolved in March 1978, after approximately twenty-five years. Petitioner was ordered to pay alimony at $2,000 per month for the first year and $1,800 per month thereafter. Alimony was ordered until the death or remarriage of respondent or her entering into a living arrangement with an adult male, not a relative. On June 25, 1980, petitioner applied for a modification of the original decree. Respondent resisted the petitioner's modification and sought her own modification. The trial court modified the original decree by increasing petitioner's alimony from $1,800 to $2,441 per month, effective January 1, 1981. This ruling was affirmed on appeal to the Iowa Supreme Court on November 25, 1981. On July 12, 1982, petitioner filed another application to modify the dissolution decree. Petitioner alleged modification should be allowed because he had lost one of his positions as a company doctor, had severed two fingers from his hand, respondent had sold the marital residence, and she had resumed employment in the work place. The district court, in an order dated July 15, 1983, reduced petitioner's alimony obligation from $2,441 per month to $1,800 per month. This order was directly appealed by petitioner and cross-appealed by respondent, to this court. In an order field January 29, 1985, we affirmed the findings and conclusions of the trial court.

Petitioner was convicted for delivery of a controlled substance in violation of section 204.401(1), Iowa Code (1985). He was sentenced on September 24, 1985, to imprisonment not to exceed ten years and a fine of twenty-five hundred dollars. His sentence was suspended and he was placed on two years' probation and ordered to perform one hundred and fifty hours of community service. Petitioner appealed this conviction and on August 20, 1986, the Iowa Supreme Court affirmed the conviction. Before and during the trial the media attention surrounding the proceeding had a direct negative affect on petitioner's medical practice. On November 14, 1985, the Iowa Board of Medical Examiners filed a complaint and

statement of charges against petitioner pursuant to section 148.6(1)(b), Iowa Code (1985), wherein the board requested the suspension or revocation of petitioner's license to practice medicine. Pursuant to this complaint petitioner, in December 1985, surrendered his license to practice medicine for five years.

On October 7, 1985, petitioner filed his third application for modification of the dissolution decree stating there had been a significant change in circumstances sufficient to justify a decrease or total elimination of his alimony obligation. At trial it became clear the change that petitioner sought to base his modification upon was his criminal conviction and the subsequent surrender of his license. Trial was held on May 5, 1986, and on June 23, 1986, the court entered its ruling. The trial court framed the issue as whether his loss of income due to his criminal conviction and surrender of his license, constituted substantial change to justify the elimination of petitioner's alimony obligation. The court held the petitioner voluntarily reduced his income and therefore no basis for modification existed. From this decision petitioner has appealed.

Petitioner contends there has been a substantial change of circumstances sufficient to justify the elimination of his alimony obligation. Specifically he contends two "substantial changes:" first, his conviction for a felony offense; and second, respondent's increase in net worth and gross income which exceeds her needs. We disagree and affirm the trial court.

■ Our review of this equitable proceeding is de novo. Iowa R.App. P. 4. In equity cases, especially when considering the credibility of witnesses, we give weight to the factual findings of the trial court but we are not bound by them. Iowa R.App. P. 14(f)(7). The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity. *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983).

The modification of dissolution decrees is provided for in section 598.21(8), Iowa Code (1985), which states:

> The court may subsequently modify orders made under this section when there is a substantial change in circumstances. Any change in child support because of alleged change in circumstances shall take into consideration each parent's earning capacity, economic circumstances and cost of living.

The Supreme Court has delineated the following principles: (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered. *In re Marriage of Vetternack*, 334 N.W.2d at 762.

### I.

Petitioner contends the trial court erred in determining that his conviction of a felony offense did not constitute a substantial change in circumstances sufficient to justify the elimination of his alimony obligation. We disagree.

■ As mentioned earlier, petitioner was convicted of a felony offense and given a deferred sentence. He is not incarcerated, but he was required to surrender his license to practice medicine as a result of the conviction. In *Ellis v. Ellis*, 262 N.W.2d 265 (Iowa 1978), the supreme court found that the planned voluntary retirement of appellant, who was highly educated and had marketable skills, did not constitute a change of circumstances making it positively wrong or unjust to enforce his alimony obligation under the original decree. The court adopted the following language, "A defendant cannot voluntarily abandon his

employment, reduce his wages, or by other conduct bring about a reduced income and thereby avoid, or cause the reduction of, a reasonable support order...." *Ellis,* 262 N.W.2d at 268 (quoting *Commonwealth ex rel. Mazon v. Mazon,* 163 Pa.Super. 502, 505, 63 A.2d 112, 114 (1949)). The court also set forth the proposition that when a parties' inability to pay alimony is self-inflicted or voluntary, it will not constitute a ground for reduction of future payment. *Id.*

Since *Ellis,* the supreme court has again addressed the issue of voluntary reductions in earning capacity, in the case of *In re Marriage of Vetternack,* 334 N.W.2d 761 (Iowa 1983). In *Vetternack* the supreme court found where the father had become incarcerated for a felony, the child support order would not be modified and his equity in the family residence would be charged for the payments he was unable to meet during his incarceration. After a complete review of the applicable case law, the court noted three trends: (1) a growing reluctance by the courts to modify dissolution decrees; (2) the current inability to pay has become less a consideration and long-range earning capacity has become more of a consideration; and (3) any voluntariness in diminished earning capacity has increasingly become an impediment to modification. *Id.,* 344 N.W.2d at 763.

> Finally, we note the following:
> [A] petition for modification will be denied if the change in financial condition is due to fault or voluntary wastage or dissipation of one's talents and assets. (citation omitted) ... In the case at hand, the defendant was engaged in criminal activity at his own peril, and his reduced financial ability was due to his own fault.

*Noddin v. Noddin,* 123 N.H. 73, 76, 455 A.2d 1051, 1053 (1983), and *Ohler v. Ohler,* 220 Neb. 272, 275, 369 N.W.2d 615, 617 (1985). In *Noddin,* the husband was arrested for stealing trade secrets from his employer, he was fired, and as a result received considerably less income.

■ Through his conviction for delivery of a controlled substance and subsequent surrender of his license to practice, peti-tioner voluntarily brought about his current reduced income, his current inability to pay alimony is self-inflicted. The present change in petitioner's financial condition is due to his own fault, his voluntary wastage and dissipation of his talents. Alimony obligations should not be reduced where petitioner's conduct resulted in the loss of high-earning employment and he has valuable assets at his disposal to satisfy respondent's support needs. We therefore affirm the trial court.

## II.

■ Petitioner also contends the trial court erred in failing to find respondent's employment, her increase in net worth, and a gross income which exceeds her needs, combined to constitute a material change of circumstances sufficient to justify the elimination of the alimony provisions. The burden of proof rests upon the party seeking modification to establish such a change of circumstances by a preponderance of the evidence. *Thayer v. Thayer,* 286 N.W.2d 222, 223 (Iowa Ct.App.1979). After a careful review of the record we find petitioner did not satisfy his burden of proof to establish a change of circumstances in regard to respondent's support needs.

## III.

■ Finally, respondent requests attorney fees on appeal. An award of attorney fees on appeal may be granted depending upon the parties' respective abilities to pay. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa Ct.App.1983). Considering the respective abilities to pay, and the actual services rendered, we order petitioner to pay respondent the sum of $1,000 towards her attorney's fees.

AFFIRMED.