**In re the MARRIAGE OF Elmer Joseph SCHETTLER and Jane Mary Schettler**

**Upon the Petition of Elmer Joseph Schettler, Appellee,**

**And Concerning Jane Mary Schettler, Appellant.**

No. 89–775.

Court of Appeals of Iowa.

Feb. 22, 1990.

Thomas W. Polking of Wilcox, Polking, Gerken, Schwarzkopf & Hoyt, P.C., Jefferson, for appellant.

Kay E. Dull of Ford, Miller, Myers & Dull, Sioux City, and William G. Polking, Carroll, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

On appeal Jane challenges the district court's failure to award her a greater increase in child support, an increase in alimony, and a greater portion of her attorney fees.

The marriage of Elmer Schettler and Jane Schettler was dissolved pursuant to a stipulated decree on April 12, 1984. The parties were married for seventeen years. The parties were given joint custody of their three children, Steven, Renee, and Sara, with physical care to Jane. Elmer agreed to pay child support of $163.75 per month per child. Elmer also agreed to pay

Jane, for her support and maintenance, the principal sum of $144,000 in monthly installments of $1,200 for ten years. The substantial assets of the parties were divided and Elmer agreed to purchase Jane's share of stock in Schettler Seed Farm, Inc. An additional $250,000 property settlement was also payable to Jane over a fifteen year period.

Since the decree, Jane has moved to Arizona. Steven, twenty, now attends a local community college and Renee, sixteen, attends a private high school. The youngest child, Sara, attends public grade school. Jane is still unemployed and her monthly expenses have not significantly increased. However, Elmer's seed corporation dramatically increased in value following the divorce. As a result, Elmer's income and net worth have increased. Elmer also has remarried.

In March 1988, Jane filed an application to modify the decree of dissolution of marriage. Jane sought an increase in child support and alimony as well as attorney fees for pursuing this action. Following a hearing, the district court entered its order and decree regarding modification. As a result, Elmer was ordered to pay all college tuition, room and board expenses for the children, as well as the high school tuition for Renee. Elmer was also required to pay all expenses for visitation as well as $750 of Jane's attorney fees. Jane appeals. We affirm.

**■ I. Scope of Review.** Our scope of review is de novo. Iowa R.App.P. 4. Although not bound by the trial court's determination of factual findings, we will give considerable weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7).

**■ II. Default.** We first address a preliminary issue. After Jane filed her application to modify decree of dissolution of marriage, Elmer filed an appearance but had not filed an answer to Jane's application. Before the hearing on the application, Jane's attorney moved for default against Elmer. He asked for the trial court to order a substantial change of circumstances has been proven and for the

trial to proceed only on the issues of amount of increases for child support and alimony.

During the one year span of time from Jane's application being filed and hearing thereon, the parties pursued discovery by way of interrogatories, requests for production of documents, depositions, and filing of financial affidavits. The trial judge denied the application for defendant and noted the law does not favor "form over substance" and "it should come as no surprise to anyone in the courtroom that all issues contemplated by the modification are contested."

Jane cites Iowa Rule of Civil Procedure 230 which provides a party is in default when the party fails to serve, and within a reasonable time thereafter, file a motion or answer as required by Iowa Rule of Civil Procedure 53 or 54, or has appeared thereafter serving a motion or pleading as stated in Iowa Rule of Civil Procedure 87. Jane claims the court has no power to treat an appearance as sufficient to delay or prevent a default, per Iowa Rule of Civil Procedure 87.

The principles governing default matters are:

> Despite the language of rules 230–32 that might be read to require the entry of a default under certain conditions, our cases interpreting those rules have not made such entry mandatory. We have consistently held that the question of allowing a default is largely within the discretion of the trial court.... The policy of the law is to allow trial of actions on their merits.
>
> \*   \*   \*   \*   \*   \*
>
> We have also held that proceeding with a case without taking timely advantage of the default also constitutes a waiver of the right to a default.

*Johnson v. Gib's Western Kitchen, Inc.,* 338 N.W.2d 872, 874 (Iowa 1983).

**■** Here, the parties diligently prepared for trial upon Jane's application for modification. The issues were contested. Jane waited a year before applying to the court

for a default against Elmer. Upon consideration of all these matters and applicable principles, we determine the trial judge did not abuse its discretion in denying the application for default. We also determine Jane waived her right to a default because of the length of time elapsed from the date of Elmer's appearance and Jane's application for default. We affirm the trial court on this issue.

**III. Modification of Alimony.** Circumstances which have changed so as to warrant a modification of alimony must be those which were not in contemplation of the trial court when the original decree was entered. *Thayer v. Thayer*, 286 N.W.2d 222, 223 (Iowa App.1979). The original decree is entered with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. *In re Marriage of Skiles*, 419 N.W.2d 586, 588 (Iowa App.1987).

The trial court found Elmer's income had increased after the divorce but the increase could not be viewed as unexpected. In 1984 Elmer owned and operated a successful company with a book value in excess of $700,000 and was paid a salary of $80,000 with a $50,000 bonus.

After the dissolution Schettler Seed Farm, Inc. experienced substantial growth and in 1988 became marketable at a price in excess of book value. In 1988, it was sold for nearly $2,500,000. The parties do not dispute the accuracy of the book value of Schettler Seed Farm, Inc. in 1984 and later years. This book value was presented to the court in the original dissolution.

Jane has failed to show her need for financial support or alimony has materially changed. The evidence shows Jane has loaned or given in excess of $20,000 to her relatives. The trial judge's order for Elmer to pay all of their children school and college tuition and costs of room and board will lessen Jane's financial demands. The trial judge found Jane's needs are unchanged and her financial support and income adequately meet her needs. We agree and affirm the trial court on this issue.

We find Jane has failed in her burden of proof to show the parties' circumstances today are not as they would have been envisioned by the trial court when the dissolution was granted. *Skiles*, 419 N.W.2d at 589.

**IV. Child Support.** It is well established both parents have a legal obligation to support their children. Iowa Code § 598.21(4); *In re Marriage of Fleener*, 247 N.W.2d 219, 221 (Iowa 1976). The obligation to support should be apportioned according to the ability of each parent to contribute. *In re Marriage of Bornstein*, 359 N.W.2d 500, 504 (Iowa App.1984).

We affirm the trial court's additional change for payment by Elmer of the children's school and college costs and their visitation transportation costs.

**V. Attorney Fees.** Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App. 1983). To overturn an award the complaining party must show the trial court abused its discretion. Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App.1982).

We affirm the trial court's award of $750 to Jane to apply upon her trial attorney fees.

**VI. Attorney Fees.** An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Hayne*, 334 N.W.2d 347, 353 (Iowa App.1983); *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981).

Each party shall pay his or her own attorney fees on appeal. Costs of appeal are taxed to Jane.

AFFIRMED.