In re the MARRIAGE OF Wendy Sue EYERLY and Donald Ray Eyerly, Jr.

Upon the Petition of Wendy Sue Eyerly, Appellee/Cross–Appellant,

And Concerning Donald Ray Eyerly, Jr., Appellant/Cross–Appellee.

No. 89–587.

Court of Appeals of Iowa.

Sept. 26, 1990.

A. Zane Blessum, Winterset, for appellant.

Susan K. Janssen of Chickering & Janssen, Winterset, for appellee.

OXBERGER, Chief Judge.

Wendy and Donald Eyerly were married in 1980. Two children were born of the marriage. The marriage was dissolved in November 1986. The dissolution decree placed the children in Wendy's physical care and ordered Donald to pay $216.67 per month for child support.

In September 1988 Wendy filed an application to modify the decree, requesting a larger child support award. She alleged Donald's earning power had increased, and the costs of raising the children had risen substantially. Wendy sought to show Donald's increased earning capacity by pointing out that in the first eight months of 1986 Donald earned $6,200, while in 1988 Donald reported income of $19,469. She also contends that her cost of providing health insurance for the children rose from $49.40 per month in 1986 to $130 per month in 1990.

The district court granted Wendy's request to modify the decree, finding Donald's ability to earn at the present time a material and substantial change in circumstances. The court also noted an increase in the cost of raising children. Donald was ordered to pay $150 per month per child, and one-half uninsured dental bills. Wendy was granted the children as dependents for income tax purposes. Donald was also ordered to pay $400 toward Wendy's attorney fees. The increase in payments were ordered to begin in the month the modifica-

tion was granted. Donald appeals the increase in payments. Wendy cross-appeals, requesting a greater increase and increased payments retroactive to the date of filing. We affirm.

Our review is de novo. Iowa R.App.P. 4. We give weight to the trial court's finding of fact, especially where the credibility of the witnesses is involved, but are not bound by them. Iowa R.App.P. 14(f)(7).

The elements to consider in determining whether a modification is warranted are set out in *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983). The criteria are:

1. A substantial and material change occurring after the decree;
2. Not every change is substantial;
3. Continued enforcement of the original decree would, as a result of changed conditions, result in a positive wrong or injustice;
4. The change must be permanent and continuous;
5. The change in financial condition must be substantial;
6. The change must not have been within the contemplation of the trial court when the original decree was entered. *Id.*

■ We find Donald's increased income and the increase in health insurance costs to be a substantial and material change in circumstances. It would not be equitable to allow Wendy to continue to carry all the increased demands to support the children. The rising cost of health insurance is most likely permanent and continuous. It is also likely that Donald's increased income is both continuous and permanent. Donald's increased income and nearly tripled health insurance costs were not within the contemplation of the trial court at the time the original decree was entered. Donald had just completed treatment for alcoholism and his continued recovery was uncertain. While his ongoing recovery and his investment in farm real estate are to be commended, it does not diminish his duty to provide support for his children.

■ The trial court filed its ruling on March 2, 1989. The Iowa Supreme Court on September 29, 1989, adopted guidelines for determining child support obligations of parents. The guidelines were adopted pursuant to both state and federal mandates. The purpose of the legislation was to establish uniformity in the setting of child support payments. The guidelines provide "the trial court shall not vary from the amount of child support which would result from application of the guidelines without a written finding the guidelines would be unjust or inappropriate." We remand this matter to the district court to conduct a hearing pursuant to the Iowa Supreme Court's Child Support Guidelines of September 29, 1989. This court does not retain jurisdiction. Pending said hearing on remand, we order child support be paid as ordered by the original trial court decree.

■ Wendy asks for appellate attorney fees. In evaluating such requests, we consider the needs of the party making the request and the ability of the other party to pay. *In re Marriage of Orgren*, 375 N.W.2d 710, 714 (Iowa App.1985). Donald's ability to pay such fees is documented in the record. Wendy's inability to pay is also documented. We order Donald to pay $750 of Wendy's appellate attorney fees.

AFFIRMED AND REMANDED.

All Judges concur except HABHAB, J., who concurs in part and dissents in part.

HABHAB, Judge (concurring in part and dissenting in part).

I concur with the majority opinion except that part that remands this cause for hearing pursuant to the Uniform Child Support Guidelines. As to that part, I dissent.

The dissolution decree was entered on March 2, 1989. The temporary child support guidelines were not adopted as permanent child support guidelines by the supreme court until September 29, 1989. Under the circumstances here, I see no reason to remand for the reasons which I urged in

*In re Marriage of Craig,* 462 N.W.2d 692 (Iowa App.1990).