In re the MARRIAGE OF Patrick J. CRAIG and Shirley. K. Craig

Upon the Petition of Patrick J. Craig, Appellee/Cross–Appellant,

And Concerning Shirley K. Craig, Appellant/Cross–Appellee.

No. 89–1223.

Court of Appeals of Iowa.

Sept. 26, 1990.

James A. Brewer and Jere C. Maddux of Newbrough, Johnston, Brewer, Maddux & Nadler, Ames, for appellant/cross-appellee.

Jack A. Hall of Wilson, Hall & Craig, Eldora, for appellee/cross-appellant.

OXBERGER, Chief Judge.

Appellant Shirley K. Craig appeals and appellee Patrick J. Craig cross-appeals from the decree of the district court dis-

solving the parties' marriage. We affirm and remand with directions.

The parties were married in Ames, Iowa, in 1970. At the time of their marriage both Pat, who was twenty-two, and Kay, who was twenty-three, had bachelor of science degrees from Iowa State University. Following their marriage, Pat attended law school at the University of Minnesota and Kay taught school. Upon Pat's graduation from law school, he was employed by the Internal Revenue Service as an attorney in the estate tax division. Kay continued to teach school until 1976 when the parties' first child, Suzanne, was born. In 1978, the parties moved to Eldora, Iowa, so that Pat could become a principal in a law firm there. Pat continues to practice law with the firm. The parties' second child, Kathryn, was born in 1979.

The district court, in its decree of June 12, 1989, awarded the parties joint legal custody of their children, with primary physical care to Kay. Pat was ordered to pay child support of $750 per month until Suzanne turns eighteen or graduates from high school and then $500 per month for Kathryn. Additionally, Pat was ordered to pay alimony in the sum of $1,250 per month for eighteen months and then $250 per month for forty-two months. Pat was awarded $159,037 in property, including his share of the law firm. He is responsible for a pledge to St. Mary's Church in the sum of $3,300 and is to pay Kay the sum of $18,500 in equal installments of $3,700 over a five-year period. In addition to the $18,-500, Kay was awarded property valued at $116,558.

■■ Our scope of review in dissolution cases is de novo. Iowa R.App.P. 4. While not bound by the trial court's determination of factual findings, we will give considerable weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). The factors utilized by the court in dividing the parties' property and awarding alimony and child support are detailed in Iowa Code section 598.21 (1989). There are no hard and fast rules governing economic provisions in a dissolution action; rather, each decision depends upon the unique circumstances and facts relevant to each issue. *In re Marriage of Wiedemann*, 402 N.W.2d 744, 747 (Iowa 1987); *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984).

I. *Child Support.* The first issue we consider is Kay's claim that the trial court's child support award is inadequate. She asks that Pat's child support obligation be increased to $900 per month when there are two children entitled to support and that the amount be reduced to $750 per month when there is but one child entitled to support. Pat, as cross-appellant, argues that his support payments are excessive and should be reduced. He asks that his payments be reduced to $550 per month and then to $400 per month when the older child reaches eighteen or graduates from high school.

■ It is well established that both parents have a legal obligation to support their children. Iowa Code § 598.21(4); *In re Marriage of Schettler*, 455 N.W.2d 686, 689 (Iowa App.1990). The obligation to support should be apportioned according to the ability of each parent to contribute. *Id.*

The attorneys in their briefs to this court make reference to the Uniform Child Support Guidelines.

The guidelines provide "the court shall not vary from the amount of child support which would result from application of the guidelines without a written finding that the guidelines would be unjust or inappropriate...." Because the parties did not have an opportunity to show the trial court whether the application of the guidelines would be unjust or inappropriate, this matter is remanded to the trial court to conduct a hearing concerning child support pursuant to the Iowa Supreme Court order of the 29th day of September, 1989. Pending said hearing on remand, we order child support be paid as ordered by the original trial court decree. This court does not retain jurisdiction. To the extent that *In re Marriage of Jennings*, 455 N.W.2d 284 (Iowa App.1990), is inconsistent with this ruling, it is overruled.

II. *Alimony.* Kay is also critical of the amount and term of the alimony payments awarded by the trial court. She argues that Pat should be required to pay her $1,750 per month for twenty-seven months and then $1,200 per month in alimony for the remainder of her life. Alimony is an allowance to the spouse in lieu of the legal obligation for support. *In re Marriage of Sjulin,* 431 N.W.2d 773, 775 (Iowa 1988). An award of alimony is not an absolute right, but depends upon the unique circumstances of each case. *In re Marriage of Cooper,* 451 N.W.2d 507, 508 (Iowa App.1989).

Kay, while not having taught school on a full-time basis since 1976, does have the ability upon completion of the recertification process to obtain a teaching position paying approximately $21,000 per year. The trial court found, and we agree, that Pat can expect future gross income of approximately $65,000 per year from his law practice.

Both parties, so long as they are in reasonable health, have an obligation "to earn up to their capacities in order to pay their own present bills and not lean unduly on the other party for permanent support." *In re Marriage of Wegner,* 434 N.W.2d 397, 399 (Iowa 1988). Considering the parties' respective earning capacities, as well as the other factors detailed in Iowa Code section 598.21(3), we agree with the trial court that permanent alimony is unwarranted. We also agree with the trial court's assessment as to alimony and accordingly affirm that part of the decree.

III. *Property Division.* Both parties dispute the district court's property division assessment. Initially, we consider Kay's challenge of the district court's valuation of Pat's law practice. The district court found Pat's law practice to be worth $36,700. Kay asserts the practice is worth $72,452. We find the value placed on the law practice to be well within the permissible range of evidence and decline to disturb it upon appeal. *See In re Marriage of Demory,* 443 N.W.2d 67, 69 (Iowa App. 1989).

Pat asserts the property division made by the district court is inequitable because the trial court did not factor in approximately $7,000 in property purchased by Kay during the parties' separation. This property, consisting largely of women's and children's clothing, toiletry items, and other sundry goods, was awarded to Kay with no offset to Pat. Even were we to conclude that these had a value of $7,000 at the time of trial, we find no inequity in awarding those items to Kay without an offset to Pat.

Kay also seeks interest on those assets awarded to her by the trial court. She claims that she has forgone acceptance of the property because she feared that to do so would jeopardize her appeal rights. We decline to award interest on Kay's share of the property division. We note Kay has had possession of some of the property during the pendency of the appeal. Additionally, other property awarded her has continued to draw interest.

IV. *Religious Instruction of Children.* Pat asserts upon his cross-appeal that he should have primary responsibility for the children's religious education. Iowa Code section 598.41(5) provides:

Joint legal custody does not require joint physical care. When the court determines such action would be in the best interest of the child, physical care may be given to one joint custodial parent and not to the other. If one joint custodial parent is awarded physical care, the court shall hold that parent responsible for providing for the best interest of the child. However, physical care given to one parent does not affect the other parent's rights and responsibilities as a legal custodian of the child. Rights and responsibilities as legal custodian of the child include, but are not limited to, equal participation in decisions affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction.

Under the plain language of this provision, both parties are entitled to participate in deciding questions regarding the religious instruction of the children. We will not

prescribe what type or form of religious instruction should be provided for the children, nor which parent shall be responsible for the religious instruction of the children.

■ V. *Attorney Fees.* Kay was awarded $4,000 in trial attorney fees. She argues that the trial court should have awarded her all of her trial attorney fees and not just a portion of them. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App. 1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa 1982). We find no abuse of discretion by the trial court in not awarding Kay additional attorney fees.

Kay also seeks attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). We award Kay attorney fees of $1,000 for this appeal. Costs are assessed one-half to each party.

AFFIRMED AND REMANDED WITH DIRECTIONS.

All Judges concur except HABHAB, J., who concurs in part and dissents in part.

HABHAB, Judge (concurring in part and dissenting in part).

I concur with the majority except that part that remands this cause for hearing pursuant to the Uniform Child Support Guidelines. As to that part, I dissent.

This cause was tried to the court on June 12, 1989. The temporary child support guidelines were not adopted as permanent child support guidelines by the supreme court until September 29, 1989. Under the circumstances here, I see no reason to remand for the guidelines were nonexistent at the time of trial.

The supreme court order that adopted the guidelines provided that when the amount prescribed was used by the trial court as the basis of an award, a rebuttable presumption of correctness was established. Since it is a rebuttable presumption, the litigants should be afforded the opportunity to make their record as to why the amount as prescribed should serve as the amount to be awarded as child support or whether that amount, because of the special circumstances of the case, should be adjusted either upward or downward. I believe that when an amount is granted that is inconsistent with the guidelines, the trial court, if it does not employ the guidelines, should be afforded the opportunity to explain by written findings why the guidelines are unjust or inappropriate. For these reasons I agree that we, as an appellate court, should not for the first time impose those guidelines. I also agree to the extent that *In re Marriage of Jennings*, 455 N.W.2d 284 (Iowa App.1990), conflicts with the majority opinion, it should be overruled.

However, under the circumstances here, I see no reason to remand. The trial court fixed child support under the law as it existed at trial time. The support issue was litigated in accordance with the then statutory and case law. Merely because the guidelines were adopted after trial and during the course of the appeal is not sufficient reason to remand for rehearing on the issue of child support. I, of course, would require adherence to the supreme court's order of September 28, 1989, on all cases tried on and after the date of its adoption.