In re the MARRIAGE OF Curtiss D. FARRELL and Diane M. Farrell.

Upon the Petition of Curtiss D. Farrell, Appellant,

and Concerning Diane M. Farrell, Appellee.

No. 90–1388.

Court of Appeals of Iowa.

Dec. 31, 1991.

Stewart A. Huff and Steven R. Jensen of Crary, Huff, Raby, Inkster, Hecht & Sheehan, P.C., Sioux City, for appellant.

Richard L. McCoy, Sioux City, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Curtiss and Diane Farrell were married in December 1973. They have three children: Brad, born January 4, 1975; John, born March 18, 1983; and Lance, born October 1, 1984.

At the time they were married, Curtiss and Diane were attending McCook Community College in Nebraska. Each received an associate degree in 1974. After graduation the parties farmed with Diane's father for more than three years. Curtiss returned to school in 1978. He completed his college degree and then attended medical school at the University of Nebraska. Diane worked full-time in a physician's office during this period.

In 1983 the family moved to Sioux City, Iowa, for Curtiss's residency training at the Siouxland Medical Education Foundation. After Curtiss completed his residency in June 1986, he joined the Foundation as a staff physician, specializing in family practice. In 1989 Curtiss had a gross salary of $131,710. His net salary was $86,856, or $7,238 per month. Curtiss also has a net monthly income of $862 from investments.

Diane did not work outside the home for several years after the family moved to Sioux City. At the time of the dissolution she was working part-time at the Foundation. In 1989 her gross salary was $9,613. Her net salary was $7,976, or $664 per month. Diane plans to continue her education.

The district court granted the parties joint custody of their children. Diane was awarded physical care of the children. Curtiss was awarded liberal, but well-defined visitation privileges.

The court divided the marital property between the parties. Curtiss had received about $250,000 in gifts and inheritance from his parents, and this amount was set off to him. Diane was awarded $40,000 in rehabilitative alimony. She was also awarded $156,802 in reimbursement alimo-

ny. $56,802 was to be paid within thirty days. The remainder was payable in 240 monthly installments, bearing interest at ten percent.

The district court found that application of the child support guidelines would be unjust and inappropriate in this case because application of the guidelines would compromise Curtiss's ability to pay alimony and other obligations. The court ordered Curtiss to pay child support of $1,500 per month. Curtiss must maintain health insurance for the children. Curtiss must also pay the mortgage and real estate taxes on the marital residence, where Diane and the children still live. Curtiss must pay $7,500 towards Diane's attorney fees.

Curtiss appealed and Diane cross-appealed from the district court's dissolution decree.

## I. *Scope of Review.*

Our scope of review in dissolution cases is de novo. *In re Marriage of Craig,* 462 N.W.2d 692, 693 (Iowa App.1990). While not bound by the trial court's determination of factual findings, we will give considerable weight to them, especially when considering the credibility of witnesses. *Id.*

## II. *Reimbursement Alimony.*

A. Curtiss first contends Diane's award of reimbursement alimony should be setoff by her award of rehabilitative alimony. He states Diane is being reimbursed for her contributions to his education, and he should be reimbursed, by means of this offset, for his contributions to her education through the award of rehabilitative alimony.

Reimbursement alimony is clearly distinguishable from rehabilitative alimony. *In re Marriage of Francis,* 442 N.W.2d 59, 63 (Iowa 1989). Rehabilitative alimony is a way of supporting an economically dependent spouse through a limited period of education or training following divorce. *Id.* Reimbursement alimony is based upon economic sacrifices made by one spouse during the marriage that directly enhance the future earning capacity of the other. *Id.* at 64. We hold these two types of alimony are designed to achieve different goals and may not be offset against each other.

B. Curtiss contends the award of reimbursement alimony was too high because the district court overvalued his future earning capacity. Curtiss introduced evidence to show there was a temporary shortage of physicians at the Foundation, which resulted in extra work and extra income for him in 1989.

An award of reimbursement alimony should be based upon the future earning capacities of the parties. *Francis,* 442 N.W.2d at 64. In determining future earning capacity, a court may consider the education, skill, or talent of the parties. *In re Marriage of Horstmann,* 263 N.W.2d 885, 891 (Iowa 1978). We note Curtiss has had a relatively constant income during those years he has been a staff physician at the Foundation. There was no evidence Curtiss planned to change employment. We find the district court correctly determined Curtiss's future earning capacity.

C. Curtiss next argues the district court improperly imposed interest of ten percent per annum on the award of reimbursement alimony. Curtiss claims he will be required to pay over $130,000 in interest. Curtiss states this interest is not tax deductible to him, and will probably be income to Diane. Curtiss also states he will be subjected to negative tax consequences under the recapture provisions of the Internal Revenue Code due to the substantial reimbursement alimony he is required to pay during the first year.

As to the question of interest, we have previously assessed ten percent interest on an award of reimbursement alimony that was to be paid over a number of years. *See In re Marriage of Wagner,* 435 N.W.2d 372, 375 (Iowa App.1988). We affirm the award of interest in this case.

The recapture provisions of the Internal Revenue Code, section 71(f), were enacted to prevent the parties from disguising a property settlement as alimony. 15 Fed. Tax Coordinator 2d (Res.Inst.Am.) § K–6052 (1991). These rules prevent front-loading, which is an agreement to pay large sums of alimony fairly soon after

divorce or separation. *Id.* Recapture treatment requires the payor spouse to include the excess payments in income in the third postseparation year. 1 Alimony, Child Support & Counsel Fees: Award, Modification & Enforcement (MB) § 2.05(3) (1991). The amount of any excess payments is calculated by means of a formula set forth in section 71(f) of the Internal Revenue Code.

We find the award of reimbursement alimony, as set forth by the district court, will have negative tax consequences for Curtiss. Therefore, we modify the dissolution decree to make the lump-sum reimbursement award of $56,802 payable over three years. Curtiss shall pay Diane the amount of $18,934 annually for three years.

### III. *Visitation.*

Curtiss asks for increased visitation with the children. He believes Diane will not agree to allow him any more visitation than that specifically set forth in the decree. Diane has responded she will not treat the decree as a maximum visitation schedule.

■ We will not increase Curtiss's scheduled visitation at this time. The parties may work together to allow Curtiss liberal and reasonable visitation. A noncustodial parent should be awarded liberal visitation in order to afford the children the opportunity to maximize continuing physical and emotional contact with both parents. *In re Marriage of Deierling,* 421 N.W.2d 168, 171 (Iowa App.1988). As always, the governing considerations are the best interests of the children. *Id.*

### IV. *Attorney Fees.*

■ A. Curtiss contends he should not have to pay a total of $10,500 for Diane's attorney fees. Curtiss was ordered to pay $3,000 for temporary attorney fees and an additional $7,500 under the district court's decree. He alleges this amount is excessive.

An award of attorney fees is not a matter of right, but rests within the trial court's discretion and the parties' financial positions. *In re Marriage of Schettler,* 455 N.W.2d 686, 689 (Iowa App.1990). To overturn an award the complaining party must show the trial court abused its discretion. *Id.* We find the district court did not abuse its discretion here. We affirm the award of attorney fees.

■ B. In addition, Diane seeks attorney fees for this appeal. In determining whether appellate attorney fees should be awarded, we are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Imhoff,* 461 N.W.2d 343, 345–346 (Iowa App.1990). We find the parties have adequate resources to pay their own attorney fees for this appeal.

### V. *Life Insurance.*

■ In her cross-appeal, Diane claims Curtiss should be required to take out life insurance, with the children named as beneficiaries, in order to cover his child support obligation.

In the event of their father's death, the children will receive social security benefits. We believe it is unnecessary to require Curtiss to take out life insurance naming the children as beneficiaries.

### VI. *Child Support.*

Diane claims the awards of child support, attorney fees, and rehabilitative alimony are inadequate. The only argument attached to this issue concerns child support. We do not consider matters she raises which have occurred after the district court proceedings.

■ There is a rebuttable presumption that the amount of child support which would result from the application of the guidelines prescribed by the supreme court is the correct amount of child support to be awarded. *In re Marriage of Bergfeld,* 465 N.W.2d 865, 869 (Iowa 1991). In this case the district court determined following the child support guidelines would be unjust and inappropriate. We agree, particularly in view of the fact Curtiss is responsible for the mortgage and real estate taxes on the house where Diane and the children

live. We affirm the district court's award of child support.

## VII. *Degree as Marital Asset.*

Diane asks for Curtiss's medical degree to be considered as a marital asset. She asks us to overrule previous cases which have held an advanced degree is not an asset which may be divided on dissolution. See *In re Marriage of Horstmann,* 263 N.W.2d 885 (Iowa 1978); *In re Marriage of Janssen,* 348 N.W.2d 251 (Iowa 1984); *In re Marriage of Francis,* 442 N.W.2d 59 (Iowa 1989); and *In re Marriage of Berger,* 431 N.W.2d 387 (Iowa App.1988).

We decline to attempt to overrule these cases. An advanced degree or professional license, in and of itself, is not an asset for property division purposes. *Francis,* 442 N.W.2d at 62. Nevertheless, the future earning capacity flowing from an advanced degree or professional license is a factor to be considered in the division of property and the award of alimony. *Id.*

## VIII. *Summary.*

In summary, we affirm the district court on all issues, except we modify the lump-sum portion of the award of reimbursement alimony. Curtiss shall pay the lump-sum amount of $56,802 in equal annual installments over three years.

AFFIRMED AS MODIFIED.