In re the MARRIAGE OF Larry
J. FISHBACK and Carla L.
Fishback–Peck.

Upon the Petition of Larry
J. Fishback, Appellant,

And Concerning Carla L. Fishback–
Peck, Appellee.

No. 91–1190.

Court of Appeals of Iowa.

June 25, 1992.

As Corrected Aug. 10, 1992.

Maurine A. Braddock of Honohan, Epley, Haymond, Braddock & Brenneman, Iowa City, for appellant.

Douglas L. Tindal of Shearer & Tindal, Washington, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Larry and Carla Fishback were formerly married to each other. They have one child, a boy born in April 1979. The marriage was dissolved in 1983. The 1983 dissolution decree placed the child in Carla's physical care; it also directed Larry to pay child support of $150 per month until the child's seventh birthday, $175 per month until the child's eleventh birthday, and $200 per month until the child's eighteenth birthday.

In 1990 Carla filed this application to modify the 1983 dissolution decree. She asked that Larry's child support obligation be increased. After a hearing, the district court granted Carla's request for a modification of the dissolution decree. Applying Iowa's child support guidelines, the district

court increased Larry's child support obligation to $111.51 per week.

Larry appeals the district court's modification order. He challenges the district court's conclusion there has been a change of financial circumstances warranting an increase in child support. Larry also contends the district court incorrectly applied the child support guidelines by allegedly basing the increased award on his adjusted gross income rather than his net income.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate the issues anew. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ Modification of a dissolution decree is only allowed when there has been a material and substantial change in circumstances since the original decree. *Mears v. Mears*, 213 N.W.2d 511, 514–15 (Iowa 1973). "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern*, 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983)).

The principles enumerated in *Vetternack* and utilized in *Kern* are applicable here as well:

A number of principles emerge from our cases: (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered.

*Vetternack*, 334 N.W.2d at 762.

■ We find the trial court used reasonable discretion here and the result is equitable. *See Kern*, 408 N.W.2d at 389. First, we find there is a substantial change of circumstances warranting a change in Larry's child support obligation. In 1982, the last year the parties filed joint tax returns, their adjusted gross income was a negative $17,772. Larry's adjusted gross income for the next year was $4,326. We find Larry's adjusted gross income has steadily increased over the years. Larry now owns more rental properties, and his farming business is more substantial. Attempting to secure financing, Larry provided net worth statements to lending institutions, alleging a net worth in 1990 of $280,000 and $213,414 in 1991. His net worth in 1983 was approximately $167,420. The court noted it placed reliance on each party's earning capacity, economic circumstances, and the cost of living in reaching the determination there was a substantial change in circumstances. We agree with the trial court conclusion there has been a substantial change in circumstances due to Larry's increased income.

■ Second, we find the trial court properly determined the child support due. The court noted:

In assessing the factors, the Court must address the credibility and attitude of the parties. In attempting to reconcile the conflict in the evidence concerning Larry's income and net worth, the Court has relied upon its observations, common sense and experience. In doing so, the Court has considered which testimony is reasonable and consistent with other evidence believed by the Court; which witness may have offered inconsistent statements; the appearance, age, conduct, intelligence, memory and knowledge of the fact [sic] by the witnesses; and each witnesses [sic] interest in the hearing, their [sic] motive, candor and bias. The Court has attempted to reconcile the conflict in evidence, but in the final analysis

accepted the evidence it found more believable.

The court found Larry's net income to be $24,344 and that his testimony was credible. We find the court was not unreasonable in its findings.

Before applying the guidelines to Larry's net monthly income of $2028.67, the court determined Carla's monthly net earning capacity was $601. Carla does not work outside the home, but has remarried. Using both figures, the court then found Larry's child support obligation was $111.51 per week, or approximately $483 per month.

We pay close attention to the trial court's assessment of the credibility of the witnesses, *see In re Marriage of Huss*, 438 N.W.2d 860, 862 (Iowa App.1989), and find the modification was proper because there was no failure to do equity, *see Kern*, 408 N.W.2d at 389. We have considered all arguments raised by Larry, and we affirm.

Carla requests attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *Kern*, 408 N.W.2d at 390. We consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). We determine the parties should pay their own attorney fees. Costs of this appeal are to be divided equally.

AFFIRMED.