In re the MARRIAGE of Mark J. SCHEFFERT and Korine K. Scheffert.

Upon the Petition of Mark J. Scheffert, Petitioner–Appellee/Cross–Appellant,

And Concerning Korine K. Scheffert, Respondent–Appellant/Cross–Appellee.

No. 91–1935.

Court of Appeals of Iowa.

Aug. 27, 1992.

David L. Hammer, Angela C. Simon and Scott J. Nelson of Hammer, Simon & Jensen, Dubuque, for appellant.

David A. Lemanski, Dubuque, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

Mark and Korine Scheffert were married on March 22, 1974. The parties have two children, Adria, born in January 1979, and Amanda, born in November 1979.

The parties separated in December 1988. The children have lived with Mark continually since that time, except during regular visitation. On April 29, 1990, the district court granted the parties a decree of dissolution. The decree of dissolution was entered by the court upon approval of a stipulation by both parties. In the stipulation, Mark and Korine agreed the children should be placed in their joint legal custody, with physical care awarded to Mark.

On March 6, 1991, Korine filed an application to modify the child custody provision of the parties' dissolution decree. At the hearing, Dr. Thomas Sannito, a psychologist, testified he had met with the children and Korine for the purpose of counseling and a custody evaluation. Mark had not been informed of the children's visit with Dr. Sannito. Mark objected to this testimony on several grounds, including Korine's failure to identify Dr. Sannito on her interrogatories as an expert retained for the purpose of litigation. The district court overruled the objection. Dr. Sannito testified, based upon his interviews with the girls, the present custodial arrangement should not continue.

At the hearing, Korine accused Mark of exposing the children to inappropriate sexual material. She also alleged Mark had engaged in a variety of immoral behaviors.

Following the conclusion of evidence, the court was asked to consider further evidence from the children on the issue of child custody. After taking the matter under advisement, the court filed an order declining to take evidence from the children.

On October 28, 1991, the district court entered its findings of fact, conclusions of law, and ruling. The district court did not give much weight to Dr. Sannito's testimony, noting Dr. Sannito was not given the opportunity to meet with Mark or obtain information about Mark from any source other than Korine and the children. The district court found both parents were equally capable of caring for the children and there was no evidence that Mark intentionally exposed the children to inappropriate sexual material. Based upon these findings, the district court concluded Korine failed to prove there had been a substantial change in circumstances since the time of the decree of dissolution that would justify modification of the custody decree in this case.

On November 8, 1991, Korine filed a motion to reconsider and a brief in support of the motion to reconsider. Mark filed a resistance. On November 20, 1991, the district court denied Korine's motion to reconsider.

Korine has filed this appeal and Mark has cross-appealed. Korine contends the district court erred in: (1) failing to find a substantial change of circumstances; (2) failing to give proper weight to the expert testimony of a psychologist; and (3) failing to personally interview the children. Mark contends the district court should have excluded the testimony of the psychologist because Korine did not properly identify Dr. Sannito on her expert witness interrogatories. He also asks the court for reasonable appellate attorney fees.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7). On our review, we affirm the district court.

■ I. *Substantial Change of Circumstances.* Korine contends the district court erred in failing to find a substantial change

in material circumstances that would justify a custody modification.

 To change the custodial provision of a dissolution decree, the applying party must establish by a preponderance of the evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). The party seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. *Id. See also In re Marriage of Gravatt*, 371 N.W.2d 836 (Iowa App.1985). This burden stems from the principle that once custody of a child has been fixed, it should be disturbed only for the most cogent reasons. *In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980).

We have reviewed the facts and the decision of the district court. The district court found there had been no substantial change in circumstances sufficient to justify a change in custody. We agree.

Much of the evidence against Mark came from the testimony of Dr. Sannito, to whom we will not give much weight insofar as he was not given an opportunity to ever meet with Mark. We find no evidence of any intentional effort on the part of Mark to expose his children to inappropriate sexual materials. We do not find any evidence that Mark presents any danger to his children. In sum, we simply find many of Korine's allegations regarding Mark's immoral behavior to be unsubstantiated.

Korine failed to show, by a preponderance of the evidence, that conditions since the decree was entered, have so materially and substantially changed that the children's best interests require the change. Because Korine has failed to meet her burden of proof, we affirm the district court.

 II. *Dr. Sannito's Testimony.* Korine asserts the district court erred by failing to give proper weight to Dr. Sannito's unrebutted expert testimony at the hearing.

Dr. Sannito never spent any time with Mark. The extent of his testimony was based upon interviews with Korine and with the two daughters. Therefore, the district court did not err in failing to give much weight to his testimony. We agree that Korine's reliance on *Painter v. Bannister*, 258 Iowa 1390, 140 N.W.2d 152 (1966), is misguided. In *Painter*, the Iowa Supreme Court gave considerable weight to an expert who had spent some twenty-five hours interviewing the child. 140 N.W.2d at 157. Here, Dr. Sannito testified he visited with the children on only two separate occasions. We do not find Dr. Sannito's interviews with Adria and Amanda to be comparable.

Mark, in his cross-appeal, asserts the district court erred in even admitting the testimony of Dr. Sannito. Because we have affirmed the district court's decision denying Korine's application to modify custody, we will not address this issue.

 III. *District Court's Failure to Personally Interview the Children.* Korine also contends the district court erred in failing to personally interview the children. She asserts interviews with Amanda and Adria would have enabled the district court to better resolve the factual disputes surrounding what Adria and Amanda said and did.

The district court properly determined it had sufficient evidence to rule on the modification. In the final decree, the court noted the questionable probative value that interviews with the children would have:

> It ... appears to the Court that the children are well aware of what their parents are doing, and appear to have taken advantage of their parents from time to time to gain favor with them. The children also appear to have changed their opinions from time to time, depending on which parent they are talking to.

The district court did not err in declining to consider further evidence from the children. We affirm the district court's decision.

 IV. *Appellate Attorney Fees.* In his cross-appeal, Mark requests appellate attorney fees. An award of attorney

fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App. 1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981). After considering these factors, we award Mark $1,500 appellate attorney fees.

The costs of this appeal are taxed to Korine.

We determine any other issues the parties may have raised are either covered by this opinion or are without merit. For all reasons stated, the judgment of the district court is affirmed.

AFFIRMED.

HABHAB, J., concurs.

OXBERGER, C.J., dissents.

OXBERGER, Chief Judge (dissenting).

I respectfully dissent. I would remand this case to the trial court to appoint Michael P. Murray of Hillcrest Services. Mr. Murray was appointed by the court to do a family custody evaluation at the time of the original dissolution action. I would request Mr. Murray to investigate the daughters' claims of inappropriate sexual conduct. I would direct Mr. Murray to conduct whatever psychological tests of the parties and their children as he determines are necessary.

Dr. Sannito, a reputable Professor of Psychology at Loras College, interviewed the daughters, now ages thirteen and twelve. Based on those interviews, Dr. Sannito said he was concerned with the father's conduct as reported by the girls.

I appreciate the majority's and the trial court's reluctance to give weight to Dr. Sannito's testimony because he did not interview the father. However, the noncustodial parent is in a difficult situation when her children report inappropriate sexual conduct by the custodial parent. In this case, the father punished the girls when he received a copy of Dr. Sannito's written report.

I am concerned that we deny an accused father his chance to defend himself, but I am not ready to dismiss a reputable expert witness's judgment that the father is engaging in inappropriate sexual conduct involving his daughters.

I would not award attorney fees at this time.