**In re the MARRIAGE OF Connie R. HULL and Donald J. Hull.**

**Upon the Petition of Connie R. Hull, Appellee/Cross–Appellant,**

**And Concerning Donald J. Hull, Appellant/Cross–Appellee.**

**No. 91–661.**

Court of Appeals of Iowa.

Aug. 27, 1992.

Bert A. Bandstra, Knoxville, for appellant/cross-appellee.

Randall G. Horstmann of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellee/cross-appellant.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

Connie and Donald Hull were divorced in April 1984. They had two children, William, born in February 1971, and Ann, born in February 1975. Connie was awarded physical care of the children. Donald was ordered to pay child support of $247 per month per child. The decree also provided:

> The obligation of support for each child shall also be subject to the provisions set forth in Iowa Code § 598.1(2) (1983). It is the intent of the Court that in the event the educational exceptions to child support termination at age eighteen (18) set forth in Iowa Code § 598.1(2) (1983) occur, the Petitioner and Respondent shall share equally in such expense.

William began attending the Des Moines Area Community College (DMACC) in August 1990. He is enrolled in a twenty-two month program in agri-business. Connie filed an application in district court requesting the court to determine the respective rights and obligations of the parties concerning William's college expenses.

The court found William had monthly expenses of $159 for tuition, $34 for books,

and $16 for field trips. William also paid $176 per month for gasoline to commute from Knoxville to classes in Ankeny. Donald was ordered to pay one-half of these costs, $193 per month. The court also found that because William continued to live with Connie, Donald should still pay $247 per month for William's room and board. Donald has appealed and Connie has cross-appealed.

■ Our scope of review in this equity case is de novo. *In re Marriage of Craig*, 462 N.W.2d 692, 693 (Iowa App.1990). While not bound by the trial court's determination of factual findings, we will give them considerable weight, especially when considering the credibility of witnesses. *Id.*

■ We first note that neither of the parties has filed a petition for modification. This case was submitted on Connie's application for construction and enforcement of the dissolution decree. Therefore, we are bound by the terms of the dissolution decree, which provides the children's college education expenses should be divided equally between Connie and Donald.

■ We agree with the district court's construction of the decree that each party should pay one-half of William's tuition, books, field trips, and gasoline. As noted above, Donald should pay $193 per month for his portion of these expenses. Donald may make these payments directly to William, although the payments may also be made through the Marion County Clerk of Court.

The district court did not equally divide William's expense for room and board, but ordered Donald to assume almost 100 percent of that expense. On her financial statement Connie asked for $250 per month for William's room and board. The district court ordered Donald to pay $247 per month towards that amount. We conclude Donald should pay $125 per month for William's room and board. These payments should be made through the clerk of court for the benefit of Connie.

■ Donald's obligation to pay $193 per month to William, and his obligation to pay $125 per month to Connie, will terminate when William is no longer eligible for support under Iowa Code section 598.1(2).

■ In her cross-appeal Connie complains that Donald was not required to contribute to William's truck payments, truck insurance, or miscellaneous expenses. She states these expenses amount to $518 per month. The district court found these expenses were not necessarily incident to a post-high school education. We agree. We conclude Donald should not be required to contribute to these expenses.

Costs of this appeal are assessed one-half to each party.

AFFIRMED AS MODIFIED.