In re the MARRIAGE of Crystal
D. MRKVICKA and Steven
R. Mrkvicka.

Upon the Petition of Crystal
D. Mrkvicka, Appellee,

And Concerning Steven R.
Mrkvicka, Appellant.

No. 92–905.

Court of Appeals of Iowa.

Dec. 29, 1992.

John A. Stitely of William F. Olinger Law Firm, Cedar Rapids, for appellant.

Stephen B. Jackson, Cedar Rapids, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Crystal and Steven Mrkvicka were married on March 21, 1986. The parties have twin daughters, Jessica and Jennifer, born on November 25, 1989. The girls were born two months premature and have health problems. The girls suffer from asthma and are susceptible to reoccurring respiratory infections. The girls require special care and a special environment so they are not exposed to infections.

Crystal was born on November 2, 1966, and is a high school graduate. Crystal was employed prior to the parties' marriage. Crystal continued to work until she became pregnant and was forced to remain in bed for the last two months of her pregnancy. At the time of trial Crystal was employed earning six dollars per hour. Her net income was $766 per month.

Steven was born on March 22, 1958, and is a high school graduate. At the time of trial Steven was employed and had a net income of $1556 per month. Steven works the night shift. Both Crystal and Steven are in good health.

On January 15, 1991, Crystal filed this petition for dissolution. After separating the parties established an arrangement whereby Steven would care for the children during the day and Crystal provided child care in the evening. At the pretrial conference the parties agreed to joint custody of the children with Crystal having primary care of the children.

Following a hearing the district court entered its decree dissolving the parties' marriage. The district court found both parents have sufficient parenting skills to attend to the psychological and physical needs of the children. The court granted primary physical custody of the children to Crystal and established a visitation schedule which allowed, inter alia, Steven to have the children during the entire month of July. Steven was ordered to pay $511 per month for child support and provide medical insurance coverage for the children. The district court ordered Steven to pay alimony in the amount of fifty dollars per week for 104 weeks to Crystal. Finally, the district court divided the remaining personal property between the parties and ordered each party to pay his or her own attorney's fees.

On March 23, 1992, Crystal filed a rule 179(b) motion. Crystal asked the court to reduce the amount of summer visitation until the children were older. Steven filed a resistance and a rule 179(b) motion. Crystal filed a resistance. On April 30, 1992, the district court entered an order. The district court modified Steven's child support to $501 per month in compliance with the guidelines and modified the times for weekend visitation. All other provisions of the decree remained the same.

Steven appealed, challenging the extent of visitation and the economic provisions of the decree. He also contends split physical custody of the children is in their best interest. Crystal claims the issue of split physical custody has not been preserved for appellate review.

Our standard of review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the district court, but we are not bound by them. Iowa R.App.P. 14(f)(7).

I. *Visitation.* On appeal Steven seeks to have the amount of his visitation increased. The district court made the following visitation award to Steven:

A. The first and third weekends of the month from Saturday at 9:00 a.m. to Sunday at 7:00 p.m.

B. [Steven] shall have summer visitation with the children the entire month of July of each year....

C. [Steven] shall have visitation with the minor on the even-numbered holidays

listed below in even-numbered years, such as 1992, and on the odd-numbered holidays listed below in the odd-numbered years, such as 1993. [Ten holidays listed.]

The district court did not limit the amount of Steven's visitation to the time specified in the decree; rather, the visitation schedule is to serve as a minimum requirement only. Crystal and Steven may work together to allow Steven a liberal and reasonable visitation. The parties have indicated Crystal has allowed for visitation in excess of the time designated pursuant to the decree. We commend the parents for their mature behavior and cooperation in exercising liberal visitation rights. We encourage the continuation of a liberal visitation arrangement. *See In re Marriage of Farrell*, 481 N.W.2d 528, 531 (Iowa App.1991). We affirm the visitation schedule which was set by the district court and assume both parents will exercise liberal rights of visitation so the children may gain the benefits of companionship with both parents.

■ II. *Split Physical Custody.* Steven argues the court should award split physical custody of the two girls. Our courts have recognized a preference for joint custody arrangements. *In re Marriage of Miller*, 390 N.W.2d 596, 598 (Iowa 1986). We disfavor split custody arrangements. *In re Marriage of Burham*, 283 N.W.2d 269, 272 (Iowa 1979).

■ The issue of split physical custody, however, was not presented to the district court. The record shows Steven's counsel, in responding to an objection, stated the parties had agreed Crystal was to have primary care. The issue of visitation was properly before the court; however, the issue of split physical custody was not. The district court was not provided an opportunity to address the issue of split physical custody. Because this issue was not preserved for appeal, we do not address it.

■ III. *Alimony.* The district court ordered Steven to pay alimony of fifty dollars per week for two years commencing on April 1, 1992. Steven contends the award of alimony is not justified because the parties were married for only six years. He also points out Crystal was out of the job market for only a short period and she is currently employed.

■ Alimony is not an absolute right. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). An award depends upon the circumstances of each particular case. *Id.* The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne*, 334 N.W.2d 347 (Iowa App.1983). The district court's award of alimony is rehabilitative. Crystal has expressed a desire to complete a two-year program in radiology. In pursuing this degree Crystal will need to enroll as a full-time student and will be unable to work on a full-time basis. In addition, Crystal needs to take courses in chemistry, anatomy, and biology in preparation for the radiology program. We find the alimony awarded to Crystal to be just and equitable. We affirm the district court's award of alimony.

■ IV. *Child Support.* Steven contends the facts of this case justify a deviation from the child support guidelines. We disagree.

Our guidelines give discretion to the district court in setting child support to adjust the amounts provided by the guidelines "upward or downward ... if the court finds such adjustment necessary to provide for the needs of the children and to do justice between the parties under the special circumstances of the case."

*In re Marriage of Lalone*, 469 N.W.2d 695, 697 (Iowa 1991). Steven's child support obligation should not be reduced during July when he has the children with him. Crystal will have a continuing obligation to maintain the house during that month. The difference in the cost of food and incidental items does not justify a reduction of Steven's child support payment. *Fleener*, 247 N.W.2d at 221. The monthly payment of $501 does not constitute a substantial injustice against Steven. We hold the amount of child support ordered was appropriate. We affirm on this issue.

V. *Attorney Fees.* Crystal requests an award of attorney fees for this appeal. In determining whether appellate attorney fees should be awarded, we are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was required to defend the trial court's decision on appeal. *In re Marriage of Imhoff,* 461 N.W.2d 343, 345–56 (Iowa App.1990). An award of attorney fees is not a matter of right but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). Each party shall be responsible for his or her own attorney fees on appeal. Costs of the appeal are taxed to Steven.

We affirm the district court's decision in all respects.

AFFIRMED.

OXBERGER, C.J., concurs.

SACKETT, J., concurs in part and dissents in part.

SCHLEGEL, J., takes no part.

SACKETT, Judge (concurring in part and dissenting in part).

I concur in part and dissent in part. I concur with the majority in all respects except I would expand Steven's visitation until the girls are in school to include the day hours Crystal works outside the home. Steven is currently providing and has provided competent, reliable child care for these children during the days Crystal works outside the home.

I recognize a visitation schedule such as I suggest is a departure from what has traditionally been afforded the noncustodial parent. However, in the past decade, we have seen a substantial increase in cases where both parents work outside the home and neither parent can be with the child on a full-time basis. When the custodial parent is absent from the home for substantial periods of time because of employment, it becomes important for the child, when possible, to have contact during that period with the noncustodial parent. The arrangement where Steven cares for the chil-dren while Crystal works is in the best interest of the children and Crystal should not be in a position where she can change it at her whim. Under the decree affirmed by the majority, Crystal can do just that and Steven has no recourse.