Tennell *vs.* Ford *et al.*

30   707
89   196
30   707
d110  725

---

## TENNELL, adm'r, *vs.* FORD *et al.*

1. When a testator directs his property to be divided between his wife and children, and then directs that the share of a child shall go over to the survivors, if such child shall die before arriving at age *or* without issue, there is no estate-tail, and the limitations over are valid.
2. In such cases, "or" will be construed "and," and the share of a child will not go over after he arrives at age, though he dies without issue.

In Equity, from Clay County. Decided by Judge KIDDOO, September Term, 1859.

The plaintiff in error filed his bill, as the administrator of William P. Ford, deceased, against Ann. A. Ford and Flem-

ing Law, who intermarried with Calidonia Ford, daughter of Ann A. Ford, for a partition of property, real and personal, jointly held by the defendants and deceased, in his lifetime, as was alleged, and for an accounting by defendants to complainants for the share of deceased in said property and in the rents, issues and profits thereof in defendant's hands.

At the trial Term of the case, counsel for the parties agreed to submit, to the decision of the Court below, the question which arose out of the construction of the will of William P. Ford, sen., deceased, and which involved the chief point of controversy between the parties; which will is as follows:

"GEORGIA, EARLY COUNTY:

"In the name of God, Amen: I, William P. Ford, of the County and State aforesaid, being of sound mind and disposing memory, and concious that we must all die, do make and ordain this my last will and testament:

"First. I wish all my present debts to be paid.

"Second. That my property, both real and personal, to be kept together until my children arrive at age or marry, then to be equally divided between them and my companion. Should either of my children die before arriving at age. or without issue, their share to be equally divided between the survivors. That portion falling to my wife, Ann A. Ford, at her death, to revert to the benefit of my children, viz: William P. Ford, Caledonia Ford, and James Albert Ford, and their heirs.

"Third. Should my executors deem it advisable, they are authorized to sell that portion of my real estate known as my mill tract,

"Fourth. My plantation on the Chattahoochee river, I wish kept up, and the proceeds of the farm, after defraying all necessary expenses, to accrue to the benefit of my wife and children until a division shall be made. It is my desire that my children shall be educated liberally and completely, and my sons may choose such professions as to them may seem meet.

"Fifth. I constitute and appoint James P. Holmes executor, and my wife, Ann A. Ford, my executrix, of this my last will and testament.

"In witness whereof, I have hereunto set my hand and

Tennell *vs.* Ford *et al.*

seal, this nineteenth day of April, eighteen hundred and forty.

(Signed)                    " WM. P. FORD.
" Signed, sealed and delivered in presence of
" JOHN DILL,
" M. J. HOLLEY,
" SAMUEL GAINES."

It was further agreed that William P. Ford, complainants' intestate, died without child or children, leaving his wife, Caroline A. Ford, his sole heir still in life.    James Albert Ford died after the death of his father, and before the death of his brother, and before arriving at twenty-one years of age.

The Court below decided that William P. Ford's share of the estate went over, after his death, to his surviving mother and sister, there being no estate-tail created in said will, and therefore that plaintiff could not recover.

To this decision counsel for  plaintiff excepted, and assigns the same as error.

CULLENS, for plaintiff in error.

LAW & SIMS, *contra.*

*By the Court.*—STEPHENS, J., delivering the owinion.

1. For the reasons given in the case of *Burton vs. Black,* decided during the present Term, we do not think that this will creates an estate-tail in the children of the testator, and we think the limitations over in favor of the survivors are valid.

2. The only other question is, have the events happened on which those limitations are to take effect? We think that in the case of *Albert,* they have, and that in  the case of William, whose administrator is suing, they have not.    The share of each child is to go over to the survivors, if he dies before arriving at age *or* without issue.    Albert died before arriving at age *and* without issue, and his share clearly goes over.    Before passing from his share, I will state what goes over, and  to whom it goes.    He took one-fourth of the tes-

tator's estate on the division between the three children and the widow.    That fourth goes over, and being an estate in possession, it was recoverable at his death.    He also took one-third of his mother's share, in remainder after her death. That third of another fourth being a vested remainder, goes over also, but being a remainder, cannot be recovered until it falls into possession at her death.    We think the term "survivors," to whom it goes, includes only his surviving brother and sister, and not his mother.    The language is, "should either of my *children* die, etc., his share shall go to the survivors;" that is to say, to the survivors of the *children*.    This view is corroborated by the subsequent direction that the share of the wife shall go to the children after her death, showing that what was given to her was not intended as a final disposition of the property, while the gift to the "survivors" is an evident finality.    Now, as to William's share: Under a strict construction of the words of the will, his share also would go over, for it is to go over if he dies before arriving at age *or* without issue, though not before arriving at age.    But we think this is just the case where "or" is to be construed "and."    When the testator said that the estate should go over if the first taker should die before arriving at age *or* without issue, he meant *and* without issue, intending that it should not go over, but should continue as he had given it, if the first taker should either arrive at age or leave issue at his death.    This is the necessary construction in order to make the testator consistent with himself. The causes which he intends to have the effect of retaining the estate in the first taker, are not whimsical or irrational, but have a reason and force in them which show their scope and extent—the influence that each had on the mind of the testator, and the effect that is due to each of them.    These causes are the full age of the first taker, and the existence of issue of his at his death.    Why was the full age of the first taker to have any influence in retaining the estate in him? Because, at full age, he would have the *judgment* of a full-grown man, and the legal capacity to dispose of the property for himself.    The indication from this is, that the testator intended to concede to the first taker at least some power of disposition over the property, after he should be in a situation to exercise it with judgment and effect.    I make no suggestion at present as to the *extent* of the power.    I only say

Tennell *vs.* Ford *et al.*

that the full age of the first taker could confer no quality except a capacity for disposing of the property, and that the *only* indication from that source is, that the testator intended to abandon to another some portion of the power of disposition. We get no light from this quarter as to the testator's *own* wishes or preferences concerning the course of the property beyond the life of the first taker, but we do get light on that point from the part which is to be played by the "issue" of the first taker. I do not mean to say that the testator intended the issue to take any direct interest as purchasers under his will, but I do say that he wished them to have the benefit of the property. It is wholly immaterial, so far as the present purpose is concerned, whether he expected them to get that benefit directly as purchasers, or indirectly as heirs at law of the first taker. The true point is, that here is the only place where we get an indication as to what persons were preferred by the testator after the death of the first taker, and that the indication is in favor of the issue. Why should the existence of issue be allowed to have the least influence in preventing the estate from going over? True, the testator makes no disposition in their favor, and does make a disposition in favor of the remaindermen over; but when he indicates that, so far as his *own* wishes go, the estate ought to be kept from going over for the sake of an uncertain benefit to the issue, rather than go over for the certain benefit of the remaindermen, he shows how strongly he preferred the issue to the remaindermen. This assures us that the testator, when he was making a disposition of his own, and not intrusting the disposition to another, did not intend to make a disposition which would put the property beyond the reach of the issue for the benefit of the remaindermen, in the very probable event of the first taker's dying a minor. He would not hold back the estate from going over, for the benefit of the issue who could get only such of the property as might be left to them by an adult first taker with a legal capacity of alienating it, and yet, refuse to hold it back for the benefit of issue who would take from a minor ancestor without power of alienation. And yet, the testator does make just such a disposition, if he really intended what he said, that the estate should go over, if the first taker should die either before arriving at age *or* without issue. These words carry the estate over, if the first taker dies be-

fore arriving at age, although he may leave issue. This is against the necessary force of the motive which the testator himself reveals to have been operating on his mind. The use of the word "or" is against the whole current of his thought, and we know, therefore, that he did not mean "or," but did mean "and," which is required by the force of that current. The fact that there is in this case no issue to be cut out, is immaterial. The question is one of intention in the testator. He meant "and" when he said "or;" that is to say, he meant that the estate should not go over, unless the first taker should die, not only without issue, but also before arriving at age. William died without issue, but *after* he had arrived at age. His share, therefore, did not go over, and his administrator is entitled to recover it.

Judgment reversed.