## 40456. HAYWARD v. LAWRENCE.

CLARKE, Justice.

Appellant Hayward brought a contempt action against her former husband for failure to pay child support. The Superior Court of Fayette County found appellee, Lawrence, in contempt for failure to pay child support during a period when one of the minor children was living with him. The court further found that Lawrence was not liable for child support payments beyond the age of majority of the three minor children under a provision that following the sale of certain houses, "Husband shall increase his monthly support for each child to $183.00 per child per month which sum will continue until each child reaches eighteen years of age, or is no longer a full time student in an accredited school, college or university." The court found that while support obligations beyond the age of majority may arise from contract, the terms must be specifically set out to be enforceable. The court found the above provision unenforceable.

Former wife appeals. We reverse.

The only vagueness in the above provision arises from the use of the word "or." We have held that "and" may be substituted for "or" in order to effectuate the intention of the parties. *Reynolds v. Wingate,* 164 Ga. 317 (138 SE 666) (1927); *Tennell v. Ford,* 30 Ga. 707 (1860). A review of the transcript of the contempt hearing reveals that the appellee always intended to contribute to a college education for the children. Since it is unlikely that a very long period of college attendance would occur before age eighteen, the provision would be meaningless unless it contemplated support so long as a child who had attained the age of eighteen remained in school. We further construe the phrase "full time student" to mean continuous attendance during the normal school year. We therefore reverse and remand for further hearing on the question of appellant's entitlement to child support under this provision of the agreement.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED FEBRUARY 28, 1984 —
REHEARING DENIED MARCH 28, 1984.

*Carlisle & Newton, John T. Newton, Jr.,* for appellant.
*Jack L. Park, Jr., Owen J. Adams,* for appellee.