In re the MARRIAGE OF Susan Lee HUSS and Wesley Leroy Huss.

Upon the Petition of

Susan Lee Huss Andrews, Petitioner–Appellee,

And Concerning

Wesley Leroy Huss, Respondent–Appellant.

No. 88–915.

Court of Appeals of Iowa.

Feb. 23, 1989.

Gordon Liles, Fort Madison, for respondent-appellant.

Gregory A. Johnson of Johnson & Skewes, Fort Madison, for petitioner-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ., but decided en banc.

HAYDEN, Judge.

In June 1986, the parties were granted a dissolution of marriage. Their two minor children were placed in the physical custody of Susan. Wesley was ordered to pay $60 per week child support for each child. The decree also provided for the child support to continue as long as the requirements of section 598.1(2) of the 1985 Code of Iowa are met.

In this proceeding, Wesley seeks a reduction in the amount of his child support because he has been laid off from his job at J.I. Case Company. He had been employed there since 1974. He also claims an adult daughter, Lauri, born March 11, 1969, failed to qualify as a full-time student under Iowa Code section 598.1(2) and is no longer eligible for child support. We affirm.

Our review is de novo. Iowa R.App.P. 4.

### I.

■ Upon our review of the record, we find, as did the trial court, Wesley has been employed at the J.I. Case Company since 1974. In recent years there have been periods of layoffs at J.I. Case Company. On each occasion Wesley was laid off and later recalled. At the time of the original decree it was known that company conducted its operation in this manner. He indicated in his testimony he will not be called back to work after he was placed on layoff effective December 18, 1987. He has fourteen years' seniority and recall rights for ten years with J.I. Case Company.

We agree with the trial court there has not been a material change in Wesley's circumstances to warrant a reduction in the amount of his child support obligations.

■ The changed circumstances relied upon must be material and substantial, not trivial, more or less permanent or continuous, not temporary, and must be such as were not within the knowledge or contemplation of the court when the decree was entered. *Mears v. Mears*, 213 N.W.2d 511, 515 (Iowa 1973).

### II.

■ In the fall of 1987 the parties' oldest daughter, age eighteen, enrolled as a student at Southeastern Community College. She attended regularly, but carried only nine semester credit hours. In addition, she worked an internship in juvenile probation. She was interested in pursuing this line of work and study. That school considered twelve academic hours a full-time student. In the semester commencing January 11, 1988, Lauri carried fifteen academic semester hours.

Wesley argues he should be relieved from child support obligation for Lauri as she was not a full-time student by the school's standards.

We believe this is the first time this argument has been presented to an Iowa appellate court. In addressing this argument we must first look to the governing legislation on this matter. Iowa Code section 598.1(2) (1987) reads as follows:

2. "**Support**" or "**support payments**" means an amount which the court may require either of the parties to pay under a temporary order or a final judgment or decree, and may include alimony, child support, maintenance, and any other term used to describe these obligations. The obligations may include support for a child who is between the ages of eighteen and twenty-two years who is regularly attending an accredited school in pursuance of a course of study leading to a high school diploma or its equivalent, or regularly attending a course of vocational-technical training either as a part of a regular school program or under special arrangements adapted to the individual person's needs; or is, in good faith, a full-time student in a college, university, or area school; or has been accepted for admission to a college, university, or area school and the next regular term has not yet begun; or a child of any age who is dependent on the parties to the dissolution proceedings because of physical or mental disability.

We note Lauri attended classes regularly and continuously at Southeastern Community College during the fall semester of 1987. In addition she was offered and accepted an internship of juvenile probation training under Kathy Skewes, a probation worker, from September 1, 1987, until the end of December 1987. We also note Lauri's internship lasted throughout the fall semester of 1987.

Lauri was not classified a full time student at Southeastern Community College because she carried only nine semester hours of academic study. During this time she was in training in a juvenile internship program with Kathy Skewes. Lauri was engaged full time during the fall semester of 1987 in academic study and internship training in her chosen future career. We determine she was a good faith student during the 1987 fall semester.

We acknowledge there is little case law on what constitutes a full-time student. The trial court cited the case of *Hayward v. Lawrence*, 252 Ga. 337, 312 S.E.2d 609, 610 (1984), where the Georgia Supreme Court held: "We further construe the phrase 'full time student' to mean continuous attendance during the normal school year."

We hold, for purposes of this appeal, Lauri applied her full time, in good faith study attending classes in academic study and in training through an internship with Kathy Skewes. Her time was utilized in study and training during the 1987 fall semester. As such she has substantially complied with the relevant portions of section 598.1(2), Code of Iowa (1987).

### III.

We find it necessary to comment on Wesley's attack on the trial court indicating he had lost credibility with the court. Upon our review of this record on appeal, we cannot say the trial court was remiss in its assessment of Wesley's credibility in this as well as in past proceedings. We refer to an apt and appropriate holding by the Iowa Supreme Court in the case of *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984):

Our review is de novo because dissolution actions are equitable proceedings, tried in equity. Iowa Code § 598.3 (1983); Iowa R.App.P. 4. Our rule governing review of equity cases provide:

> In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the trial court, but is not bound by them.

Iowa R.App.P. 14(f)(7). There is good reason for us to pay very close attention to the trial court's assessment of the credibility of witnesses. A trial court deciding dissolution cases "is greatly helped in making a wise decision about the parties by listening to them and watching them in person." In contrast, appellate courts must rely on the printed record in evaluating the evidence. We are denied the impression created by the demeanor of each and every witness as the testimony is presented. (Citations omitted.)

Susan requests attorney fees on appeal. We determine each party shall pay his or her own attorney fees on appeal. Costs of appeal are assessed against Wesley.

AFFIRMED.

All judges concur except HABHAB and SACKETT, JJ., who dissent.

HABHAB, Judge (concurring in part and dissenting in part).

I concur with the majority in all respects except that part of Division II which relates to what constitutes a "full-time student." Those words appear in section 598.-1(2), and from that section it is clear that it is a condition that must be met before a parent is under an obligation to contribute to the support of a child between eighteen and twenty-two years of age.

I differ with the majority only to the extent that I believe the question as to whether a student qualifies as "full time" should be answered in accordance with the standards adopted by the college, university, or area school attended. If, according to that institution, the student carries sufficient academic hours to qualify as a full-

time student, then that is the measurement we should use in our determination. Likewise, we should use the same measurement if the academic hours carried by the student do not qualify him or her as full time.

SACKETT, J., joins this concurrence in part and dissent in part.