In re the MARRIAGE OF Sharon
F. COOPER and Kenneth E.
Cooper,

Upon the Petition of Sharon
F. Cooper, Appellee,

And Concerning Kenneth
E. Cooper, Appellant.

No. 93–755.

Court of Appeals of Iowa.

Aug. 25, 1994.

Kermit L. Dunahoo of the Dunahoo Law Firm, Des Moines, for appellant.

Ted E. Marks of Marks, Marks & Marks, Urbandale, for appellee.

Considered by HAYDEN, P.J., and HABHAB and CADY, JJ.

PER CURIAM.

Kenneth and Sharon Cooper were divorced in 1988. Pursuant to the decree, Kenneth was ordered to pay $216.66 per month in child support until their daughter, Jennifer, turned eighteen. The decree reserved the issue of college contribution. Kenneth was also ordered to maintain hospital and medical coverage for Jennifer until Sharon obtained such coverage through her employment. In 1991 the trial court modified the decree,

holding Kenneth was to pay Jennifer $1000 per semester beginning September 1, 1991, and on September 1, 1993, he was to pay her $1100 per semester until January 1, 1995.

Kenneth subsequently filed a petition to modify the decree on October 16, 1992. Kenneth alleged in the intervening time, he had been diagnosed with Epstein–Barre syndrome, otherwise known as chronic fatigue syndrome and his income had decreased significantly. Kenneth claimed at the time of the 1991 modification hearing, he earned a net monthly income of $2206, but he was now earning only $1317 per month, most of this from his disability payments. Kenneth claimed Sharon's income had increased from $536 every two weeks to $636. Kenneth claimed because of his increased medical costs, he can no longer afford to pay Jennifer the amounts as specified in the decree.

The trial court failed to find a substantial change in circumstances. The trial court entered judgment against Kenneth for two $1000 payments he had missed. Kenneth appeals.

Kenneth reiterates the argument due to his illness his income has decreased significantly and his medical expenses further lower his income. Kenneth maintains the trial court should have ordered Jennifer to obtain student loans or scholarships. Sharon seeks attorney fees on appeal.

■ To begin, we note the appropriate scope of review. In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

With these principles in mind, we address two distinct issues on appeal. The first issue is whether the trial court failed to do equity in not finding a material and substantial change in circumstances which warrants modification of the decree. The second issue is whether Sharon is entitled to an award of

attorney fees. We will discuss each issue in turn.

■ The first issue involves modification of a dissolution decree. Modification of a dissolution decree is only allowed when there has been a material and substantial change in circumstances since the original decree. *Mears v. Mears,* 213 N.W.2d 511, 515 (Iowa 1973) (citations omitted). "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern,* 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack,* 334 N.W.2d 761, 762 (Iowa 1983)).

The principles enumerated in *Vetternack* and applied in *Kern* are applicable here as well:

A number of principles emerge from our cases: (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered.

*Vetternack,* 334 N.W.2d at 762 (citations omitted).

■ Applying these considerations to the instant case, there has been a substantial and material change in circumstances which occurred after the entry of the decree. After entry of the decree, Kenneth contracted chronic fatigue syndrome. As a result, he was terminated from his position as a senior purchasing agent for the State of Iowa. Additionally, Kenneth incurred significant medical bills and deductible payments. The Iowa Code provides "changes in the medical expenses of a party" and "changes in the physical or emotional health of a party" as specific factors for the court to consider in determining whether there has been a substantial change in circumstances. Iowa Code § 598.21(8)(c), (e) (1993). Our supreme court declared this language "evinces a continuing intent by the legislature to provide financial security to a party when an unexpected calamity occurs." *In re Marriage of Marshall,* 394 N.W.2d 392, 396 (Iowa 1986).

The seriousness of chronic fatigue syndrome and its ruinous effect on Kenneth cannot be doubted. Other jurisdictions have recognized the gravity of chronic fatigue syndrome. *See, e.g., Cohen v. Secretary of Dep't of Health & Human Serv.,* 964 F.2d 524 (6th Cir.1992) (holding that claimant's chronic fatigue syndrome prevented her from continuing in previous employment or engaging in other substantial gainful employment; thus, claimant entitled to social security disability benefits); *Walders v. Garrett,* 765 F.Supp. 303, 305 n. 5 (E.D.Va.1991) (court stated chronic fatigue syndrome "has received increasing attention in the medical community and is indisputably capable of causing severely debilitating effects") (citations to medical journals omitted), *affirmed without opinion,* 956 F.2d 1163 (4th Cir.1992); *Seamon v. Seamon,* 587 So.2d 333 (Ala.Civ.App.1991) (failure to grant alimony to wife who at age thirty-six was unemployable due to chronic fatigue syndrome was error despite short duration of marriage), *appeal after remand,* 625 So.2d 808 (Ala.Civ.App.1993); *Jacques v. Jacques,* 609 So.2d 74 (Fla.Dist.Ct.App.1992) (in dissolution action, court heard expert testimony wife's chronic fatigue syndrome rendered her unable to work).

■ Of course, not every change in circumstance is sufficient. Iowa courts have held self-inflicted problems, due to the petitioner's own fault, will not warrant modification of a dissolution decree. *See, e.g., Vetternack,* 334 N.W.2d at 763 (order for child support payments would not be modified where father became incarcerated for felony); *Ellis v. Ellis,* 262 N.W.2d 265, 268 (Iowa 1978) (husband's planned voluntary retirement did not justify elimination of his alimony obligation); *Mears,* 213 N.W.2d at 516 (claim of material changed circumstances unsuccessful when loss of income due to peti-

tioner's assuming full-time housewife duties); *Kern*, 408 N.W.2d at 389–90 (husband's conviction of felony offense and surrender of license to practice medicine did not warrant modification of alimony obligation). These cases are easily distinguishable from the case at bar, however. In the case at bar, Kenneth had his current earnings slashed and his future employment put under severe doubt because of a debilitating disease. Kenneth's contracting chronic fatigue syndrome was surely not a result of voluntary conduct.

■ Sharon contends Kenneth's illness is not a permanent condition. The general rule is "modification should be granted if there has been a substantial lowering of earning power for a sustained period of time." *In re Marriage of Shepherd*, 429 N.W.2d 145, 147 (Iowa 1988) (twenty-two weeks of reduced income because of a labor strike not material change in circumstances) (citing *In re Marriage of Wahlert*, 400 N.W.2d 557, 560 (Iowa 1987) (substantial change in husband's financial condition based on the depressed farm economy over an extended period of time)); *see also In re Marriage of Huss*, 438 N.W.2d 860, 861 (Iowa 1989) (not material change in circumstances, where husband was merely laid off because his employer regularly laid off for short periods of time and husband had seniority).

Kenneth is not merely on strike or layoff. It is possible Kenneth will never be able to return to work anywhere. There was evidence presented chronic fatigue syndrome has an average duration of five years but can last as long as ten years. Kenneth is fifty-seven years old. If Kenneth is afflicted for only the average of five years, he would then be sixty-two years old upon attempted reentry into the job market. Employment opportunities for a sixty-two-year-old man having suffered from chronic fatigue syndrome would appear to be nonexistent. Under these circumstances continued enforcement of the original decree would, as a result of changed conditions, result in positive wrong or injustice.

The change in financial conditions was substantial. There was evidence Kenneth's net monthly income decreased from $2206 to $1681. Additionally, Kenneth incurred significant medical bills due to his illness.

This change in circumstances was not within the contemplation of the trial court when the original decree was entered. Contracting this disease certainly was not in the contemplation of the parties at the time of the decree. Under these circumstances, the trial court erred in refusing to modify the decree. We hold Kenneth is not financially able to contribute to Jennifer's college costs due to his debilitating illness. We reverse and remand to the trial court to amend the modification decree accordingly.

■ We turn our attention to the second and final issue. Sharon seeks an award for her appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Hansen*, 514 N.W.2d 109, 112 (Iowa App. 1994). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981) (citations omitted).

■ As we already stated, Kenneth's earnings are limited. We further hold Sharon is not entitled to appellate attorney fees. Costs on appeal are assessed to Sharon. Judgment of the trial court is reversed and remanded.

REVERSED AND REMANDED.