*Fox & Smith, John P. Fox*, for appellee.

S12A1526. HAMILTON v. HAMILTON.
(734 SE2d 355)

THOMPSON, Presiding Justice.

Robert Hamilton (husband) and Janell Hamilton (wife) were divorced in 2008, after approximately 23 years of marriage. At the time of their divorce, they had one minor child. The final divorce decree ordered husband to pay, in addition to other alimony to wife, the sum of $6,000 per month

> [b]eginning June 1, 2009 and continuing until May 31, 2013, provided the child is enrolled in a full time course of study at an accredited higher education institution. . . . If the child is not enrolled in good standing in a full time course of study at an accredited higher education institution as described above, then upon the first month following the child not being enrolled, husband shall pay to wife the sum of four thousand dollars ($4,000.00) per month, until May 31, 2013.

The decree further required wife to immediately inform husband of any change in the child's enrollment status which could trigger a change in husband's alimony obligation. In the event wife knowingly failed to inform husband of a change in status and husband overpaid, the overpayment was fully reimbursable to husband plus a ten percent interest penalty.

The child attended Georgia Southern University beginning in Fall 2009. In his first three semesters, he earned grade point averages of 1.0, 0.40, and 1.3. After struggling academically at Georgia Southern, the child enrolled at Jefferson State Community College for the Spring 2011 semester where he achieved a 4.0 grade point average. Husband paid $6,000 per month in alimony to wife through January 2011. In February 2011, after learning of the change in schools, husband reduced his alimony payments to $4,000 per month and simultaneously filed a petition to hold wife in contempt of the final decree arguing she failed to notify him that the child had lost "good standing" at Georgia Southern University.[1]

---

[1] The university's own documents provide several possible and inconsistent standards by which to determine "good standing." The university handbook states that "[a] student shall be in good academic standing unless he/she has been suspended or excluded from the University

The trial court concluded wife was not in contempt of the final decree; but construing the decree, the trial court determined husband's alimony obligation for the 13-month period from January 2010 through May 2011 was $4,000 per month, resulting in a $26,000 overpayment to wife. The trial court further concluded, however, that the child regained his status as a full-time student in good standing in June 2011, thereby reinstating husband's $6,000 per month alimony obligation for June through October 2011. Because husband paid only $4,000 per month in those five months, the court held husband owed wife a deficiency of $10,000. Deducting the amount husband owed wife from the amount he was owed for his overpayment, the trial court relieved husband from paying alimony to wife until the $16,000 balance was paid. Husband's request for attorney fees and his request for an interest penalty on the overpayment were denied. We granted husband's application for discretionary appeal and for the reasons that follow, we affirm.

1. Husband argues the trial court improperly modified the final divorce decree by reinstating alimony payments of $6,000 per month after the child regained good standing in June 2011. A trial court lacks authority to modify the terms of a divorce decree in a contempt proceeding. *Morgan v. Morgan*, 288 Ga. 417, 419 (704 SE2d 764) (2011). A trial court is authorized, however, to interpret or clarify a divorce decree in the course of resolving contempt issues properly before it. *Killingsworth v. Killingsworth*, 286 Ga. 234, 236 (686 SE2d 640) (2009). The test for determining whether a trial court's ruling constitutes a proper clarification or impermissible modification of a divorce decree is "whether the clarification [or interpretation] is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification." (Citation and punctuation omitted.) *Cason v. Cason*, 281 Ga. 296, 297 (1) (637 SE2d 716) (2006). A trial court has broad discretion in determining whether its orders have been complied with and its determination will not be overturned on appeal in the absence of an abuse of discretion. Id.; *Kaufmann v. Kaufmann*, 246 Ga. 266, 268 (3) (271 SE2d 175) (1980).

As recognized by the trial court, the parties' divorce decree provides for per month alimony payments in the amount of either $4,000 or $6,000, depending on the child's academic status, for a definite period of time. While the decree is silent as to whether the greater amount of alimony can be reinstated in the event the child

---

and not readmitted," whereas the university catalog states that "[u]ndergraduates and post-baccalaureate students must maintain a 2.0 minimum total institution GPA to maintain good standing for financial aid and academic purposes."

regains good standing, it clearly establishes husband's obligation to pay $6,000 to wife for those months when the child is enrolled as a full-time student in good standing. In light of the parties' intent for husband to pay the higher alimony amount when the conditions set out in the decree were met and the absence of any language prohibiting reinstatement of the higher amount, we conclude the determination of the trial court was a reasonable clarification of the decree consistent with the intent and spirit of the original decree. See *Dohn v. Dohn*, 276 Ga. 826, 827 (584 SE2d 250) (2003) (goal when construing a domestic contractual agreement is to look for the intent of the parties); *Kaufmann*, supra, 246 Ga. at 268 (3) ("The trial court has the power to see that there be compliance with the intent and spirit of its decrees, and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party." (citation and punctuation omitted)).

2. Given the trial court's denial of husband's petition for contempt and the confusion regarding what constituted "good standing," we find no abuse of discretion in the denial of husband's requests for an interest penalty and attorney fees. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Hill-MacDonald, Brad E. MacDonald, Vic B. Hill*, for appellant. *Susan M. Brown*, for appellee.