297 Ga. 70
FINAL COPY

S15A0106. MIMS v. MIMS.

THOMPSON, Chief Justice.

Gary Don Mims (husband) and Lynn Bassford Mims (wife) married in 1986 and were divorced in 2008. At the time of their divorce, two of the couple's four children were minors. The final divorce decree incorporated a settlement agreement entered into by the parties in which husband agreed to pay the costs of a college education for all of the children. In a paragraph entitled "College Tuition" the agreement provided:

> For so long as the child (child refers to all children of the parties) maintains passing grades and attends school full time, the Husband agrees to pay the cost of a college education in an amount not to exceed the costs for tuition, books, student activities fees, housing, food, etc., for a full-time, in-state student to obtain a four-year undergraduate degree at Valdosta State University or another accredited university upon which the parties agree.

In 2010, the couple's youngest daughter graduated from high school and enrolled in Valdosta State University ("VSU") beginning Fall Semester 2010. In February 2012, wife filed a contempt action against husband alleging that he

had failed to pay college expenses for their daughter as required under the terms of the settlement agreement. Finding that daughter had been a full-time college student from Fall 2010 through and including Fall 2013[1] and had maintained passing grades[2] the Superior Court of Lowndes County entered an order directing husband to pay daughter's college expenses for all nine semesters she had attended,[3] minus amounts credited for daughter's receipt of the Hope Scholarship and Pell Grants.[4] The trial court declined to find husband in contempt, however, determining that he had not received notification of the

---

[1] According to evidence presented, daughter attended VSU in Fall 2010 and completed fourteen semester hours. In Spring 2011, she enrolled in fifteen semester hours, but only completed eleven after she withdrew from four. In Fall 2011, she similarly enrolled in fourteen semester hours, but later withdrew from three and only completed eleven semester hours. Daughter enrolled in and completed nine semester hours in Spring 2012, but completed an additional four semester hours during Summer Semester 2012. In both Fall Semester 2012 and Spring Semester 2013, daughter enrolled in and completed thirteen credit hours. She attended summer school in 2013, and at the time of the contempt hearing on September 24, 2013, daughter was enrolled and attending Fall Semester 2013 classes.

[2] The parties stipulated to the fact that daughter had maintained passing grades.

[3] Although at the contempt hearing wife indicated she was not seeking payment from husband for Spring Semester 2012 in which daughter enrolled in nine credit hours, a part-time status according to VSU, the trial court's order included payment for this semester as well as for the two summer semesters daughter attended based on the court's determination that daughter qualified as a full-time student under the parties' agreement because she had attended college continuously during the normal school year without interruption. See Bullard v. Swafford, 279 Ga. 577, 580 (2) (619 SE2d 665) (2005).

[4] Although nothing in the parties' agreement addressed whether husband was to benefit from any financial aid daughter received, the trial court offset these sums from husband's obligation citing Hopkinson v. Hopkinson, 265 Ga. 460 (458 SE2d 117) (1995).

2

expenses incurred by daughter prior to wife's filing her complaint. This Court granted husband's application for discretionary appeal to determine whether the trial court erred when it ordered husband to pay daughter's expenses for each of the nine semesters she had attended college. For the reasons that follow, we affirm the decision below.

Husband argues that the trial court erred when it ordered him to pay daughter's college expenses incurred after Fall Semester 2010. He asserts that because daughter withdrew from a class during Spring Semester 2011 and only completed eleven of the fifteen credit hours for which she was registered, she had not attended school full time during that semester as contemplated by the settlement agreement and his obligation to provide for her educational expenses thereafter ceased. Husband contends that regardless of the school's definition of full-time student,[5] the plain language of the settlement agreement required daughter to successfully complete and obtain academic credit for a full-time course load each semester or his obligation to pay her college expenses under

[5] According to the evidence, when a student "drops" a course and falls below 12 hours, VSU no longer considers the student to be "full-time." However, when a student "withdraws" from a course during the semester, that student is still officially registered as a full-time student with the school.

3

the agreement would terminate. Alternatively, husband argues that the trial court erred in finding him obligated to pay daughter's college expenses beyond Spring Semester 2012 when she only enrolled in and completed nine credit hours.

Without question, husband's obligation to pay college expenses for his adult daughter arose solely from the parties' settlement agreement. See Marshall v. Marshall, 262 Ga. 443 (421 SE2d 71) (1992) ("Neither a judge nor jury may require a parent to provide child support beyond the age of majority."). However, once the parties' settlement agreement was approved by the trial court and incorporated into the final divorce decree, husband's obligation to pay these expenses became an enforceable order of the court. See Bullard, supra at 579. Pursuant to the terms of the agreement, husband was obligated to pay (with some limitations) the cost of a college education for each of his children, including daughter, "[f]or so long as the child . . . maintains passing grades and attends school full time." Thus, in order for the court to require husband to pay daughter's college expenses, these two conditions must have been met.

As it was undisputed that daughter maintained passing grades, the primary issue to be decided by the trial court with respect to husband's obligation to pay

college expenses was whether daughter "attend[ed] school full time." Husband asserts that the parties' use of the phrase "for so long as" combined with the requirement to "attend[ ] school full time" meant daughter must be continuously enrolled as a full-time student and must complete and receive credit hours for a full course load each semester in order to qualify for his assistance. We find that the plain language of the parties' agreement does not demand such an interpretation,[6] nor is there any evidence that the parties intended such requirements. This Court has previously construed the phrase "full time student" to "mean continuous attendance during the normal school year." See Bullard, supra, 279 Ga. at 580 (2); Hayward v. Lawrence, 252 Ga. 337, 338 (312 SE2d 609) (1984).[7] Although VSU defines a full-time student as one who is

---

[6] According to Webster's Ninth New Collegiate Dictionary, "enroll" means "to register," whereas "attend" merely means "to be present at." See The American Heritage Dictionary of the English Language (4th ed. Houghton Mifflin Co., 2000).

[7] While Bullard involved a high school student and a parent's obligation to continue child support payments beyond the son's majority while he was "enrolled in and attending secondary school on a full time basis," this Court utilized the same definition in Mattocks v. Matus, 266 Ga. 346, 346 (466 SE2d 840) (1996) in which a parent's obligation to pay for a child's college expenses was dependent on the child's being "enrolled in college as a full time student, seeking a four year college degree." In Mattocks, this Court rejected the trial court's use of course load and credit hours to assess the son's college attendance where there was no evidence that the parties intended such a standard in their agreement and relied instead on evidence that the son "was not in continuous attendance for the duration of the normal school year," to hold that the son had "ceased to be a full-time student within the meaning of the agreement." 266 Ga. at 346-347.

5

registered for twelve or more semester hours, this definition was not incorporated into the parties' agreement. See Mattocks, supra, 266 Ga. at 346. Nor did the parties' agreement address the treatment of summer school attendance. See Draughn v. Draughn, 288 Ga. 734, 736 (2) (707 SE2d 52) (2011); Bullard, supra at 581. Finding no evidence that when the parties made their agreement they intended to adopt a different meaning or apply a different standard to the term "full time student," other than that previously adopted by this Court in Bullard, the trial court determined daughter had attended school full time as contemplated by the agreement.

A trial court is not permitted to modify the terms of a divorce decree in a contempt proceeding, but is authorized to interpret or clarify the decree. See Hamilton v. Hamilton, 292 Ga. 81, 82 (1) (734 SE2d 355) (2012). The test for distinguishing whether a trial court's ruling clarifies, rather than impermissibly modifies, a divorce decree, is "whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification." (Citation and punctuation omitted.) Cason v. Cason, 281 Ga. 296, 297 (1) (637 SE2d 716) (2006).

Here, the trial court determined that the parties' use of the phrase "attends

6

school full time" only imposed a requirement on daughter that she not interrupt her college career by taking time off during the normal college year. Compare Still v. Still, 199 Ga. App. 723 (405 SE2d 762) (1991) (interpreting specific language in an agreement providing father's tuition obligation "shall continue as long as the child remains continuously enrolled" to mean that the father was not obligated to resume payments after the child was no longer continuously enrolled). As there was no evidence that the parties intended to assess daughter's attendance at school in terms of credit hours taken and completed each semester as urged by husband, the trial court properly refused to so modify the agreement. See Mattocks, supra. Because daughter was in continual attendance at college during the normal school year from Fall Semester 2010 through and including Fall Semester 2013 and maintained passing grades, the trial court found she had met both conditions and that husband was required to pay her actual expenses as provided under the agreement. Given that the parties' agreement neither limited daughter to attending college two semesters per year, nor required that she continuously attend classes year-round, we conclude that the trial court's order requiring husband to reimburse wife for all daughter's college expenses incurred as of the date of the hearing was based on

7

a reasonable clarification of the final divorce decree. [8]

Husband alternatively contends that the trial court erred in requiring him to pay daughter's tuition for Spring Semester 2012 and each semester thereafter due to wife's admission at the contempt hearing that daughter was enrolled as a part-time student at VSU in Spring 2012 and that wife was not seeking reimbursement for these expenses. Despite wife's testimony at the hearing, her application for contempt sought an order requiring husband to pay all of the college expenses required under the parties' divorce decree. Inasmuch as the trial court found the parties did not intend to adopt VSU's definition of full-time student,[9] wife's admission with respect to daughter's status as defined by VSU during Spring Semester 2012 had no effect on husband's obligation to pay

---

[8] We note that pursuant to VSU's handbook, 90 credit hours are required for graduation. The trial court ordered husband to pay daughter's college expenses for nine semesters without considering whether a student taking and completing a full course load of 12 credit hours per semester could have obtained an undergraduate degree at VSU in eight semesters. To the extent daughter's actual college expenses exceeded those normally associated with the cost of a four-year undergraduate degree at VSU either as the result of her summer school attendance or due to her failure to take and complete sufficient credit hours per semester, husband would not be liable. However, this issue was not raised by husband below, and will not be considered in this appeal.

[9] Indeed, at the contempt hearing it was husband's attorney who repeatedly urged the trial court not to use VSU's definition of full-time student, stating:

> We're not working under a definition that says [daughter] has to be a full time student. The definition we're working under says she must attend school full time and my position is that's different.

8

daughter's college expenses.[10] Moreover, although wife testified at the hearing that she was not seeking reimbursement for daughter's expenses for Spring Semester 2012, because she asked for them in her petition and there was evidence of daughter's Spring Semester 2012 expenses in the record, the trial court was authorized to award these expenses, as well as those incurred during subsequent semesters.

Judgment affirmed. All the Justices concur.

Decided May 11, 2015.

Domestic relations. Lowndes Superior Court. Before Judge Horkan.

Dodd & Burnham, Wilburn B. Burnham II; Durant Law, M. Katherine Durant, for appellant.

David A. Webster, for appellee.

---

[10] Admissions in judicio apply only to admissions of fact, and not to conclusions of law. See In re McCool, 267 Ga. App. 445, 448 (600 SE2d 403) (2004).