S16F1160. CHRISTIAN v. CHRISTIAN.
(794 SE2d 51)

NAHMIAS, Justice.

On February 22, 2006, after 13 years of marriage, appellant Carla Graves Christian (Wife) and appellee Ben Christian, Jr. (Husband) signed a Separation Agreement. The agreement was approved by the trial court in December 2008. Wife filed a complaint for divorce in March 2013. In October 2014, she filed a motion for partial summary judgment asking the trial court to rule that Paragraph VII of the Separation Agreement entitled her to one-half of Husband's retirement, 401(k), *and* other employment benefits as valued on the date of the divorce. Paragraph VII says in full:

> The parties acknowledge that should they divorce, Wife shall be entitled to one-half of Husband[']s retirement, 401K or other employment benefits.

On March 20, 2015, the trial court denied Wife's motion, calling it an attempt to replace "or" with "and" in the language of the Separation Agreement. The court found no ambiguity in Paragraph VII and went on to say that, even if it did, it would not consider the parol evidence Wife sought to introduce purporting to be notes indicating that she was entitled to half of all three benefit categories, because the notes appeared to be made by Wife rather than Husband. The court did not address Wife's argument about the appropriate date for valuing the benefits. Wife requested a certificate of immediate review, and the trial court held a hearing on the issue on March 23. The court denied Wife's request at the hearing, but it also announced that it was changing its ruling as to Paragraph VII to hold that Wife was entitled to one-half of Husband's 401(k) *and* retirement pension

plan *or* one-half of his other employment benefits. However, three months later, on June 25, the court issued an order "clarifying" its March 20 order to hold that Wife "is entitled to choose from the 401(k), or other employment benefits."

After a hearing on June 30, 2015, the trial court entered a final decree of divorce on August 21. The decree incorporated the Separation Agreement and quoted Paragraph VII. The court held "as a matter of law . . . that the language of Paragraph VII . . . requires that the date for valuing and dividing the retirement, 401(k) or other employment benefits is the date of the Separation Agreement . . . and not the date of the divorce." The court further held that Wife was not entitled to any premarital value of those accounts and that she was "only entitled to choose one of the three benefits described in Paragraph VII."

Wife filed an application to appeal to this Court. We initially denied the application, but after Wife filed a motion for reconsideration, we granted the application. Wife then filed a timely notice of appeal, and the case was orally argued on July 11, 2016. As explained below, we reverse the trial court's judgment in part, vacate it in part, and affirm it in part, and we remand the case with direction.[1]

1. Wife first argues that the trial court erred in concluding that her portion of the benefits under Paragraph VII of the Separation Agreement should be based on their value as of the date the agreement was signed rather than the date of the divorce decree. Both parties now acknowledge that the language of the Separation Agreement is plainly conditional — "*should* the parties divorce, [Wife] shall be entitled" to benefits — so that Wife would actually receive the property divided by Paragraph VII only if and when the parties divorced. Wife argues, logically, that the value of those benefits should be determined at the time she gets them.

Husband, however, endorses the trial court's holding that the benefits Wife is entitled to receive only upon divorce should be valued as of the time the Separation Agreement was signed nine and a half years earlier. This reading of Paragraph VII is unconvincing. Because the assets in question were not in fact valued and segregated under each party's separate control at the time of the Separation Agreement, it would be quite difficult to calculate what the parties' respective portions were worth at the time of the divorce nearly a decade

---

[1] Wife's notice of appeal specified that only certain documents in the trial court record should be sent to this Court. Those documents did not include the Separation Agreement or a transcript of the June 30, 2015 hearing preceding the final divorce decree. However, Wife filed a motion to supplement the record to add the Separation Agreement, which the trial court granted.

later. The trial court would have to determine the February 2006 values and then track the benefits through any re-allocations made by Husband and additions to the benefits based on Husband's work following the agreement as well as any appreciation or depreciation of Husband's portion due to market forces, separating those amounts from the changes to Wife's portion based on interest earned and market forces. See, e.g., *Payson v. Payson*, 274 Ga. 231, 232 (552 SE2d 839) (2001). Nothing in Paragraph VII or the Separation Agreement as a whole indicates that this is what the parties intended.

In *Friedman v. Friedman*, 259 Ga. 530 (384 SE2d 641) (1989), we explained that the last date for acquiring marital assets is "the date of the final decree of separate-maintenance or the date of the decree of final divorce," because such a date is certain rather than subject to manipulation by one of the parties. Id. at 532. *Friedman* does not support Husband's argument that the signed Separation Agreement, which was not approved by the trial court for almost two years, halted the acquisition of marital property. Instead, the other trigger date endorsed in *Friedman* — the date of the final divorce decree — is the one applicable here, as the conditional language of Paragraph VII makes clear. We therefore reverse the trial court's ruling that the date of valuation under Paragraph VII was the date of the Separation Agreement rather than the date of the divorce.

2. Wife next argues that the trial court erred in holding that she is entitled to one-half of only one of the three benefits listed in Paragraph VII, which gives Wife one-half of Husband's "retirement, 401k or other employment benefits." In support of the trial court's ruling, Husband contends that this language entitles Wife to pick only one of the three, because the "or" separates all three. Wife offers two competing interpretations. First, focusing on the lack of a serial comma[2] in "401k or other," she contends that retirement and 401(k) constitute one category, and thus that she may choose between one-half of Husband's retirement *and* 401(k) *or* one-half of his other (undefined) employment benefits. Alternatively, Wife argues that the three words in the list — "retirement," "401k," and "other" — all modify the final term "employment benefits." Read this way, Wife is entitled to one-half of all of Husband's employment benefits, which are defined to include retirement, 401(k), or other such benefits.

---

[2] See *Deal v. Coleman*, 294 Ga. 170, 173 (751 SE2d 337) (2013) (explaining that the serial comma is the comma used before the conjunction joining the final term in a series). As we noted in *Deal*, use of the serial comma helps avoid unnecessary ambiguities. See id.

Although the trial court indicated at the March 23, 2015 hearing that it agreed with Wife's first interpretation, that reading of Paragraph VII is implausible. It attempts to replace the comma between "retirement" and "401k," two words in a series that is connected with an "or," with the word "and." Neither the Separation Agreement nor the English language lends support for rewriting the sentence in this way. The remaining two interpretations, however, are both plausible.

Husband's interpretation of Paragraph VII may seem more natural at first glance, because the final connecting conjunction in a list is often meant to be the conjunction that separates all items in the list. But Wife's second interpretation may be more natural in the context of this Separation Agreement. Each of the benefits to which Paragraph VII refers is (at least in part) marital property and so is subject to equitable division. The question is if "retirement," "401k," and "other employment benefits" are three distinct categories of benefits, or if there is only one category — "employment benefits" — with the three modifiers "retirement," "401k," and "other" used to help delineate the meaning and scope of that term. The latter view makes considerable sense in context. The word "retirement," when used to describe certain assets rather than the status of being retired, normally is associated with another word like "funds" or "benefits." And it would be strange for Wife and Husband to agree that she could choose only one of three categories and then leave one of those categories described simply as "other employment benefits," a phrase that could encompass benefits far afield from retirement or 401(k) accounts, like term health and life insurance. On the other hand, because Wife would be entitled to receive any of Husband's benefits only if and when they divorced at some unknown future time (which turned out to be over nine years later), see Division 1 above, using "other" to accommodate future changes in the denomination of his retirement-oriented employment benefits would make sense.

The trial court's holding that the language of Paragraph VII is unambiguous "as a matter of law" indicates the court's belief that it did not need to consider other parts of the Separation Agreement and could not consider parol evidence in construing that language. However, because this aspect of Paragraph VII has two reasonable interpretations, as we have explained, the trial court's analysis was incomplete. The court should have looked beyond Paragraph VII to determine if the ambiguity was clarified when viewed in the context of the entire Separation Agreement, and if not, should have considered parol evidence to determine the meaning of Paragraph VII. See *Coppedge v. Coppedge*, 298 Ga. 494, 497-498 & n. 3 (783 SE2d 94)

(2016).[3] The trial court should engage in this fuller analysis in the first instance. See, e.g., *Archer Western Contractors, Ltd. v. Estate of Pitts*, 292 Ga. 219, 230 (735 SE2d 772) (2012). We therefore vacate this aspect of the divorce decree and remand for the trial court to reconsider this issue in light of this opinion.

3. Finally, Wife argues that the trial court erred in deducting the premarital value from her share of the Paragraph VII benefits. Husband argues that because the premarital value of his employment benefits — which includes 13 years of accrued benefits in his pension — is not marital property, it is not subject to equitable division by the trial court. See *Payson v. Payson*, 274 Ga. at 232 ("A property interest brought to the marriage by one of the marriage partners is a non-marital asset and is not subject to equitable division since it was in no sense generated by the marriage."). Wife does not dispute that this premarital value is Husband's separate property, and she does not contend that Husband expressly agreed in the Separation Agreement to divide his premarital property. Rather, she contends that the fact that Paragraph VII does *not* mention premarital value means that Husband intended to waive his right to keep that amount separate from the amount divided between him and Wife.

Wife is correct that spouses can bargain away their separate property as part of a contract — a settlement or separation agreement — between them. See, e.g., *Mims v. Mims*, 297 Ga. 70, 71 (772 SE2d 674) (2015) (explaining that the husband's obligation to pay college expenses for his adult daughter arose solely from the parties' settlement agreement and became an enforceable order once the agreement was approved by the court). In those situations, however, the parties' agreement expressly imposes a financial obligation on one party that the trial court could not permissibly impose without such an agreement.

In the absence of any such language, the presumption is that a settlement or separation agreement is dividing only the property subject to equitable division, meaning only the marital property. See OCGA § 19-3-9 ("The separate property of each spouse shall remain the separate property of that spouse, . . . except as otherwise provided

---

[3] As noted earlier, the trial court's March 20, 2015 order indicates that Wife submitted parol evidence with her motion for partial summary judgment to show that the parties intended her to get one-half of all three types of benefits. The court refused to consider this evidence, finding the language of Paragraph VII to be unambiguous, but the court also noted that it did not find the evidence to be convincing. Because the record does not include the hearing held on the final divorce decree, we do not know if Wife or Husband submitted any additional parol evidence.

by law."). See also *Payson*, 274 Ga. at 232 ("The purpose behind the doctrine of equitable division of marital property is 'to assure that property accumulated during the marriage be fairly distributed between the parties.' Only property acquired as a direct result of the labor and investments of the parties during the marriage is subject to equitable division." (citations omitted)). Wife points to nothing in the Separation Agreement which indicates that a failure to mention Husband's premarital interest in his employment benefits should be viewed as a waiver of that interest, so we affirm the portion of the trial court's order deducting the premarital value from Wife's share of the benefits to which she is entitled under Paragraph VII.

*Judgment affirmed in part, reversed in part, and vacated in part, and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

*Taylor English Duma, Frank W. Virgin*, for appellant.

*Levenson & Associates, Louis Levenson, Patrick C. Barnwell*, for appellee.