300 Ga. 529
FINAL COPY

S16A1665.  ALBRITTON v. KOPP.

HUNSTEIN, Justice.

At the time of their divorce in June 2011, Peggy Albritton (hereinafter, "Wife") and Mark Kopp (hereinafter, "Husband") had one minor daughter.  The parties' final divorce decree incorporated a settlement agreement and child support addendum wherein Husband agreed to pay child support while daughter was a full-time high school student.   Specifically, paragraph 3 (a) of the settlement agreement states in pertinent part:

> Said [child support] payments shall continue consecutively thereafter until the child marries, dies, attains the age of 18 years, enters the Armed Services, is emancipated or until custody of said child is changed by Court order, whichever event shall first occur. However, in the event that the child has not graduated from high school upon reaching age 18 then periodic child support payments shall continue for each consecutive month thereafter until the month the child graduates from high school, withdraws or terminates high school education, marries, becomes emancipated, custody of said child is changed by Court order or the child reaches the age of 20 years, whichever first occurs. *This is conditional upon the child being enrolled or registered as a full-time high school student for the regular high school year*.

(Emphasis supplied.)

Daughter was enrolled as a senior at Lambert High School for the 2014-2015 school year, during which she turned 18 years old. Due largely to learning disabilities and medical issues, daughter was a few credits shy of being able to graduate high school in a timely manner. In order to graduate, daughter needed to complete two semesters of advanced math, and one semester of economics followed by one semester of government. Accordingly, Wife enrolled daughter as a fifth-year senior at Lambert High School for the 2015-2016 school year. Initially, daughter was registered in advanced math and economics for the fall semester but, in October 2015, she added two elective courses to her curriculum.

Around this time, Husband ceased paying child support, claiming that daughter was not enrolled in enough classes to qualify as a "full-time high school student" as required in the parties' divorce decree and related documents. Wife filed a motion for contempt based upon Husband's failure to pay the required child support. After a hearing, the trial court denied Wife's motion, concluding as follows:

The Court finds that when looking at the Final Judgment and Decree of Divorce, the incorporated settlement agreement, and the Child Support Addendum, there exists a question with respect to the duration of [Husband's] child support obligation. The child support obligation continues so long as the parties' child is attending secondary school on a full-time basis. The Court will not engraft upon the express language [sic] additional qualifying language that would exempt the child from "full-time" status if her IEP determines that she could not function as a "full-time" student. The plain language of the order is unambiguous.

Accordingly, the child is not enrolled in a secondary school on a full-time basis and [Husband] is not in willful civil contempt of Court as alleged in the Motion for Contempt.

We granted Wife's discretionary application to address whether the trial court erred when it denied her motion for contempt. For the reasons that follow, we reverse the judgment below.

Husband's child support obligation for his adult daughter "arose solely from the agreement between the parties." Mattocks v. Matus, 266 Ga. 346, 346 (466 SE2d 840) (1996). "It is well established that settlement agreements in divorce cases are construed in the same manner as all other contractual agreements." (Citation and punctuation omitted.) Steele v. Steele, 298 Ga. 548, 549 (1) (782 SE2d 433) (2016). "Contract construction is a question of law for the court that is subject to de novo review." Northen v. Tobin, 262 Ga. App.

339, 342 (2) (a) (585 SE2d 681) (2003). The sole issue in this case is whether the trial court, in denying Wife's contempt motion, properly interpreted the phrase "full-time high school student." We conclude it did not.

The first step of our review is to determine "whether the language therein is clear and unambiguous, and if it is, the contract is to be enforced according to its clear terms; the contract alone is looked to for its meaning." Atlanta Dev. Auth. v. Clark Atlanta Univ., 298 Ga. 575, 579 (III) (784 SE2d 353) (2016). We agree with the trial court that the plain language of the divorce decree and incorporated documents is unambiguous. Accordingly, we look to the clear terms of the contract alone to determine its meaning.

Although the settlement agreement does not define "full-time student," this Court has construed the phrase to mean "continuous attendance during the normal school year." See Mims v. Mims, 297 Ga. 70 (772 SE2d 674) (2015); Bullard v. Swafford, 279 Ga. 577 (619 SE2d 665) (2005); Mattocks, 266 Ga. 346; Hayward v. Lawrence, 252 Ga. 337, 338 (312 SE2d 609) (1984). Though Husband contends that there is evidence in the record to establish that the parties intended to adopt the school's definition of "full-time student" being a student

4

who is scheduled into seven instructional segments per day, this definition was neither incorporated into the parties' agreement, nor is there any evidence that both contracting parties intended the school's definition of "full-time student" to control. See Mims, 297 Ga. at 72-73.

Consequently, the trial court erred by, in effect, modifying the settlement agreement concerning Husband's child support obligation, as the parties' adult daughter was, in fact, attending school full time as contemplated by the settlement agreement. See Mims, 297 Ga. at 73 ("A trial court is not permitted to modify the terms of a divorce decree in a contempt proceeding, but is authorized to interpret or clarify the decree," the test for which is "whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification."). (citations and punctuation omitted).

Judgment reversed. All the Justices concur.

Decided February 6, 2017.

Domestic relations. Forsyth Superior Court. Before Judge Bagley.

David T. Bianco, for appellant.

<u>The Sherman Law Group, Sonya E. Grounds</u>, for appellee.