**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**September 21, 2021**

# In the Court of Appeals of Georgia

A21A0816. GILREATH v. CONNER.

REESE, Judge.

Edward Gilreath and Sherrie Conner divorced in 2014. Gilreath began receiving pension payments as of January 1, 2019, following his retirement, but he did not provide any portion of these payments to Conner. Conner subsequently filed a motion for clarification of the final judgment and decree, and a motion for contempt. The trial court denied Conner's contempt motion, but found that Gilreath owed Conner 27.4 percent of his monthly pension payments. The trial court denied Gilreath's second amended motion for new trial, and this appeal followed. For the reasons set forth infra, we vacate the trial court's ruling and remand the case with direction.

The record shows the following. As part of the final judgment and decree governing Gilreath and Conner's divorce, the parties entered into an agreement outlining, inter alia, the division of marital property (the "Agreement"). Section 11 of the Agreement addressed the division of retirement benefits and stated:

(A) The parties agree that [Conner] shall have an interest in [Gilreath's] pension plan upon [Gilreath's] retirement in good standing from his employer . . . based on the following:

(1) [Conner] shall be responsible for the preparation of a Qualified Domestic Relations Order (QDRO) incorporating the terms in paragraph 11(A) herein, within ninety (90) days of [Gilreath's] instatement of his pension. Said QDRO shall be subject to approval of [Gilreath] and the Court of proper jurisdiction in this case, as well as the Administrator(s) of the aforementioned pension plan. . . .

(2) [Conner's] interest in [Gilreath's] pension shall be equal to 27.4% of [Gilreath's] pension, based on the number of [years] they were married while [Gilreath] was employed with said employer. The date shall be calculated from February 1st, 1983 till July 3rd 2014. This date span shall be used as the valuation date for said QDRO.

. . .

(B)    The Court shall retain jurisdiction over the provisions of this item 11, including all paragraphs and the QDRO in order to

2

implement the same, and any amendments thereto necessary to effectuate the intent of this item 11.

When Gilreath's retirement date approached, Conner sent him a letter stating that she had been informed by Gilreath's employer that "they do not accept [QDROs] regarding pension plan payments[,]" and asking Gilreath to pay Conner the portion of his retirement benefits specified in section 11 of the Agreement (i.e., 27.4 percent) directly. When Gilreath did not respond or provide any payments, Conner sent a second letter to Gilreath, and subsequently filed a motion for clarification of the final judgment and decree, and a motion for contempt.

The trial court held a hearing on the motions and ruled that although Gilreath was not in willful contempt of the divorce decree, he did owe Conner 27.4 percent of his monthly pension payments from January 1, 2019, forward. Gilreath filed a motion for new trial, which the trial court denied. We granted Gilreath's application for a discretionary appeal.

> The trial court in a contempt case has wide discretion to determine whether its orders have been violated. The court is not authorized to modify a previous decree in a contempt order, but it is always empowered to interpret and clarify its own orders. If there is any evidence to support a trial court's determination that its order has been willfully violated, [the reviewing court] must affirm that determination

on appeal. However, where a contempt action turns on the meaning of terms in an incorporated settlement agreement, construction of those terms is a question of law that is subject to de novo review on appeal.[1]

With these guiding principles in mind, we now turn to Gilreath's claims of error.

1. Gilreath asserts that the trial court improperly modified the final judgment and divorce decree by calculating a lifetime monthly award based upon years accrued between the entry of divorce and his retirement as opposed to using the date range included in the Agreement.

> A trial court may interpret a divorce decree, or clarify a prior order or judgment, in the course of resolving contempt issues placed before it. In addition, the trial court has the power to see that there be compliance with the intent and spirit of its decrees, and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party. However, a trial court has no power to modify the terms of a divorce decree in a contempt proceeding. The test for distinguishing permissible interpretations and clarifications from impermissible modifications is whether the clarification or interpretation is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification.[2]

---

[1] *Sutherlin v. Sutherlin*, 301 Ga. 581, 582 (802 SE2d 204) (2017) (citations and punctuation omitted).

[2] *Killingsworth v. Killingsworth*, 286 Ga. 234, 236 (2) (686 SE2d 640) (2009) (citations and punctuation omitted).

4

The Supreme Court of Georgia has also held that "retirement benefits, insofar as they are acquired during the marriage, are marital property subject to equitable division."[3] However, "the last date for acquiring marital assets is the date of the final decree of separate-maintenance or the date of the decree of final divorce[.]"[4]

Here, the Agreement stated that Conner was entitled to an interest in Gilreath's pension plan upon his retirement. The Agreement also specified that Conner's interest would be equal to 27.4 percent of Gilreath's pension "based on the number of [years] they were married while [Gilreath] was employed with said employer[,]" and that "[t]he date shall be calculated from February 1st, 1983 till July 3rd, 2014. ***This date span shall be used as the valuation date for said QDRO.***" The plain language of the Agreement, therefore, established a specific date range to be used for the valuation of Gilreath's pension plan for purposes of dividing the benefits. However, the trial court awarded Conner 27.4 percent of Gilreath's monthly pension payments, less taxes, but did not utilize the explicit valuation period referenced in the Agreement. By using Gilreath's monthly pension payments at his retirement as the basis for

---

[3] *Hipps v. Hipps*, 278 Ga. 49 (1) (597 SE2d 359) (2004) (citation and punctuation omitted).

[4] *Christian v. Christian*, 300 Ga. 263, 265 (1) (794 SE2d 51) (2016) (citation and punctuation omitted).

5

calculating Conner's portion of the benefits, and ignoring the date range provided in the Agreement for valuation of the retirement benefits, the court contravened the "apparent intention of the original [decree,]" and thus erred by modifying its terms.[5] For these reasons, we vacate the trial court's order addressing the calculation of the monthly amount owed by Gilreath to Conner to the extent that it did not utilize the valuation period included in section 11 of the Agreement, and we remand the case for further proceedings consistent with this opinion.

2. Gilreath argues that the trial court lacked jurisdiction to consider Conner's motion to clarify once it denied the motion for contempt.

As noted above, "[a] trial court may interpret a divorce decree, or clarify a prior order or judgment, in the course of resolving contempt issues placed before it."[6] However, courts have been allowed to consider parties' requests for clarification of divorce decrees or orders, even in cases where there was no finding of contempt.[7]

---

[5] *Killingsworth*, 286 Ga. at 236 (2) (citation and punctuation omitted).

[6] *Killingsworth*, 286 Ga. at 236 (2).

[7] See *Mims v. Mims*, 297 Ga. 70, 71 (772 SE2d 674) (2015); *Doritis v. Doritis*, 294 Ga. 421, 421-422 (1) (754 SE2d 53) (2014); *Cason v. Cason*, 281 Ga. 296, 297 (637 SE2d 716) (2006).

6

Therefore, we find the trial did not lack jurisdiction to consider Conner's motion to clarify even though the court found Gilreath was not in contempt.

3. In light of our holding in Divisions 1 and 2, supra, we need not consider Gilreath's remaining claims of error.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Brown, J., concur.*